ANNA FOURCADE v. KANSAS CITY, a Municipal Corporation, Appellant.—118 S. W. (2d) 1.

Division One, June 20, 1938.

848

*George Kingsley* and *John J. Cosgrove* for appellant.

*Price Wickersham* for respondent.

GANTT, J.—Action for personal injuries. Judgment for $10,000 and defendant appealed.

Defendant states there was evidence tending to show the following: "On November 19, 1933, Anna Fourcade, 54 years of age, was walking south on Washington Street, on the east side, from Thirteenth to Fourteenth Streets in Kansas City, Missouri. In this sidewalk were a number of coal holes, consisting of a metal ring set in the surface of the walk and a metal lid resting on flanges inside the ring. These coal holes had been in the sidewalk for many years.

"The coal hole in question, the second one from the corner of Thirteenth and Washington Streets, was defective, in that the lid thereof was warped, would shake and rattle when stepped upon, and, when stepped upon in a particular place, would tilt.

"The evidence tended to show that this defective condition had existed for more than a year, that children had played about it and could displace the lid by kicking the same or putting weight upon it, and that on one or two occasions these children were chased away from the scene by police officers.

"On the day in question respondent stepped with her left foot on the west side of the lid as she walked south. The lid turned or tilted with her, her left leg going down into the hole, her right leg doubling up under her body. She fell on her right side, and her left leg became wedged in between the lid and the rim," thereby causing serious injury.

I. Error is assigned on the giving of an instruction directing a verdict for the plaintiff, if, at the time of the injury, the lid was old, worn and warped and did not safely fit the rim.

In substance, the petition alleged that at the time of the injury the lid was old, worn, warped and defective, and did not fit the rim, and that it was so constructed and maintained by the defendant.

Defendant argues that the instruction should have required a finding that the defendant defectively "constructed" the lid and rim. We do not think so. The question at issue was the condition of the lid and rim at the time of the injury. The allegation in the petition that defendant defectively constructed the lid and rim only went to the question of notice to the defendant of the condition of the lid and rim in time to have corrected the same before injury to plaintiff. At the trial defendant made no issue on the question of notice. Therefore, a finding of the jury on the question of the construction of the lid and rim was not necessary to a recovery by plaintiff.

II. Error also is assigned on the giving of an instruction as follows:

"The court instructs the jury that if you find and believe from the evidence that without negligence on the part of the City as defined by these instructions, the (coal hole cover in question had been misplaced shortly prior to the time plaintiff fell, and was out of position) because of such removal, if you so find, at the time plaintiff fell or stepped upon same, then your verdict should be for the defendant."

Defendant argues that the instruction gave the jury a roving commission on the issues of negligence. On the contrary, the instruction limits the jury to the negligence submitted by other instructions. Furthermore, the instruction was favorable to defendant, for it authorized a finding that the lid was "out of position" when there was no evidence to sustain such a finding.

III. Error also is assigned on the refusal of an instruction as follows:

-"The court instructs the jury that if you find and believe from the evidence that the coal hole cover in question had been removed prior to the time plaintiff fell, and was out of position because of such removal, if you so find, at the time plaintiff fell or stepped upon same, then your verdict should be for the defendant."

There was evidence tending to show that several hours before the plaintiff was injured, the lid had been removed and replaced. However, there was no evidence tending to show that it was "out of position" at the time it was tilted by plaintiff.

IV. Error also is assigned on the refusal of an instruction as follows:

"The court instructs the jury that if you find and believe from the evidence that the coal hole cover in question, when sitting completely in the metal ring, would not tilt when stepped upon by one walking along the street, then your verdict should be for defendant."

The instruction assumed that the lid would rest "completely in the metal ring." Furthermore, there was no evidence tending to show that it would rest "completely in the metal ring."

V. It is suggested that the amount of the judgment should be reduced. Plaintiff had been an "out-door woman," in good health and did her own housework, including washing and ironing. She suffered severe injuries to the left groin, left hip, right knee and back. She also suffers continuous pain. She has no control of the muscles of her right leg, and, in walking, the leg "turns out and to the right." Sedatives are necessary that she may sleep and rest. The injuries are permanent. Further detail is unnecessary.

The verdict is not excessive and the judgment should be affirmed. It is so ordered.

All concur except *Hays, J.*, absent.