251 S.W.2d 622 (1952)
PRITT
v.
TERMINAL R. R. ASS'N OF ST. LOUIS.
No. 42482.
Supreme Court of Missouri, Division No. 2.
September 8, 1952.
Motion for Rehearing or to Transfer to Denied October 13, 1952.
Warner Fuller, Arnot L. Sheppard, St. Louis, for appellant.
C. Allen Trumbull, William L. Mason, Jr., St. Louis, for respondent.
Motion for Rehearing or to Transfer to Court en Banc Denied October 13, 1952.
LEEDY, Presiding Judge.
This is a second appeal. The action is for the alleged wrongful death of Alvin *623 Pritt. The first trial resulted in a judgment for $15,000 in favor of his widow, Grace, which judgment, on the former appeal, this court reversed, and the cause was remanded. See 359 Mo. 896, 224 S.W.2d 119, where the facts are stated at length, and to which reference is made for a more complete statement than is deemed necessary for the purposes of this appeal. Upon remand and trial anew another jury fixed the plaintiff-respondent widow's damages at the same amount, and upon that verdict judgment was entered, and defendant-appellant, Terminal Railroad Association of St. Louis, appealed. The parties will be referred to as they were styled in the trial court.
Plaintiff's decedent was killed April 3, 1947, when he was struck by one of Terminal's locomotives while he was in the employ of a contractor then engaged in making repairs to a bridge owned by Terminal, and known internationally as Eads Bridge. As stated in defendant's brief, plaintiff's "postulate of liability is that a fellow employe threw or knocked a piece of board down on one of defendant's tracks [No. 72] on Eads Bridge, and because of defendant's humanitarian negligence, decedent was struck while removing the board from the track, as it was his duty to do. Defendant's theory is that decedent was not so engaged at the time of his death; but that he stepped out from behind a building on the north side of track 72, directly into the path of, and so close to defendant's locomotive as to give no opportunity to avoid striking him." The cause was submitted upon the hypothesis of Terminal's negligence under the humanitarian doctrine in failing to sound a timely warning of the approach of the locomotive which admittedly struck and killed Pritt.
Defendant's first point is that "plaintiff failed to make a submissible case upon the postulate that defendant failed to warn under the humanitarian doctrine," and the second (set up separately, but, nevertheless, so closely akin to the first as to be necessarily embraced within its scope) is that "the evidence relied on by plaintiff is perjurious, self-destructive and wholly without probative value." On the former appeal these same points (developed under like sub-heads, in precisely the same language, with identical citations of authority) were relied on. Indeed, they were not only urged, but considered and passed on, as the opinion shows. It was there held that plaintiff failed to make a case for the jury on the issue of defendant's duty to stop under the humanitarian doctrine. But on the other issue under that doctrine (failure to warn, which alone was submitted at the subsequent trial now under review), this division of the court held that " * * * we may not say that the record discloses error in submitting the issue of defendant's duty to warn under the humanitarian doctrine, or that it discloses that plaintiff may not make a submissible case on said issue upon a retrial." (Italics, the present writer's.) Both issues having been submitted (disjunctively), the judgment was accordingly reversed, and the cause remanded.
Defendant's brief expressly concedes that "in the main" the testimony of the witnesses upon whom plaintiff relied at both trials (Owen and Grant, and without whose testimony no semblance of a case would have been made) "is just about the same as it was on the fundamental questions in the preceding trial, although examination will disclose many discrepancies as to relatively unimportant facts between their testimony in the first and in the second trials."
On this admission, plaintiff invokes the doctrine of "law of the case," and therefore insists she must be held to have made a case on failure to warn, as on the former appeal. Nothing is better settled than that the doctrine is applicable where the facts are substantially the same on the second appeal. In the absence of a discussion of, and cogent reasons for, not applying the doctrine under present circumstances, the conclusion seems inescapable that the decision on the prior appeal has become "the law of the case," and we so hold.
Defendant's next point is that the "court erred in refusing to permit defendant to prove that one of the real parties in interest was the United States Fidelity & *624 Guaranty Company, an insurance company." This assignment is based upon an incident of the voir dire examination, the full extent of which is reflected by these excerpts:
"Mr. Sheppard [out of the hearing of the panel]: This case has been tried once, and it was admitted by Mr. Koenig that he represents not only the nominal plaintiff here, but also theI believe the United States Fidelity & Guaranty Company. As you know, under the Compensation Law of Missouri this widow is drawing compensation for this decedent's death, and I want to state to the jury that the United States Fidelity & Guaranty Company is actually one of theif not the principal plaintiff in this case, because the calculation will disclose that this case is costing the Company approximately $12,000.00, which will be paid to his widow; and I think this jury has the right to know that the real plaintiff in this case for all except $3,000.00 is the Insurance Company, and that this widow in no event can recover more than $3,000.00. I am saying to Your Honor that I am going to say that on my voir dire examination, unless you stop me; and I am giving the other side a chance here now to object.
"Mr. Trumbull: * * * Now, we will admit that we are representing the Insurance Company, the Compensation carrier, and that any judgment in this case does affect the insurance carrier but we are saying that they are not a party to this suit, and that any mention of any insurance or of subrogation would grossly prejudice the issues in this case, and that the case should be tried on its merits and the issues absolutely as between the widow and the Terminal Railroad." Which objection, after some colloquy, was sustained.
This was not, strictly speaking, an offer of proof, as the statement of the point implies. But disregarding form, as well as the stage of the trial at which the matter was sought to be injected, we examine the question upon its merits as fully as may be upon the record presented.
The pith and substance of defendant's argument is this: That as the compensation insurance carrier of Pritt's employer (Howard Construction Co.), U. S. F. & G. Co. became subrogated to the rights of the employe's dependents against Terminal as a third person liable for his death, sections 287.150 and 287.030(3) RSMo 1949, V.A. M.S., and, having a right under those sections to be made a party plaintiff, it was vitally interested in this case; hence, the jury had a right to know who were the real parties in interest. It should be added that the purpose of the proposed disclosure was not at the trial, nor has it been here, more fully developed than as just stated. Consequently, it is clear that the complaint does not involve a denial of, or restriction upon, a legitimate field of inquiry in qualifying the panelsuch as that the ruling precluded defendant from ascertaining the relationship, if any, sustained by members of the panel toward the insurance company. Nor is it a claim of nonjoinder of a necessary party. The authorities relied on are: Grindstaff v. J. Goldberg & Sons Structural Steel Co., 328 Mo. 72, 40 S.W.2d 702; St. Louis & Tennessee River Packet Co. v. Nowland, 279 Mo. 500, 215 S.W. 11; State ex rel. Tramill v. Shain, 349 Mo. 82, 161 S.W.2d 974. We fail to find in these cases any support for defendant's contention. Much emphasis is placed upon this isolated sentence from the Grindstaff case: "Both the court and the jury have a right to know who are the real parties litigant". [328 Mo. 72, 40 S.W.2d 706.] The import of the entire paragraph of which the foregoing sentence forms a part was thus construed and analyzed in State ex rel. Tramill v. Shain, supra, 349 Mo. loc. cit. 87 and 161 S.W.2d 976: "It only decides that where an insurance company is actively participating in the case then that fact may be made known if it affects either the admissibility of evidence, the weight to be given testimony or the credibility of a witness." (Italics, the present writer's.)
In St. Louis & Tennessee River Packet Co. v. Nowland, 279 Mo. 500, 520, 215 S.W. 11, 17, remarks of counsel in argument indicated an interest on the part of certain insurance companies in the issue on trial, and *625 this was objected to as being reversible error. In ruling that assignment the court pointed out that it not only appeared from the evidence that the insurance companies were interested in the result in that case, but that they were "substantially parties to its prosecution", and held: "This being true, and the facts being fully before the jury, we see no reason why they should not be referred to by counsel."
We have been cited to no Missouri case or cases involving the question here presented, nor have we been able to find any. Damages under the wrongful death statute are to be awarded "with reference to the necessary injury resulting from such death, to the surviving parties who may be entitled to sue," etc. Section 537.090 RSMo 1949, V.A.M.S. Defendant's defense would of necessity be the same regardless of whether the action be brought in the name of the dependents as beneficiaries, or the employer or insurer, as subrogees. In either event, it is certain the division between the insurance company and Pritt's dependents of any recovery for his death would be of no concern to Terminal. Gones v. Fisher, 286 Ill. 606, 122 N.E. 95, 19 A.L.R. 760, 766. The "great importance of protecting the plaintiff from irrelevant testimony during his effort to secure full damages for his injury" has been regarded as sufficient reason for not reversing a judgment because of the rejection of evidence showing the injured employe (plaintiff) had received compensation insurance even though such evidence was held admissible for the purpose of showing bias and prejudice on the part of his witnesses under the particular facts there in judgment. Sprinkle v. Davis, 4 Cir., 111 F.2d 925, 931, 128 A.L.R. 1101, 1110. In the annotation appended to that case in 128 A.L.R. 1110, the matter is stated thus: "The court was of the opinion that in an action brought by an injured employee against a third party for damages, evidence as to the fact of compensation through other sources should ordinarily be excluded, since it tends to impede the injured man in the exercise of his right to receive full compensation * * *."
The fact of payment by the insurer of the death claim under the compensation act with consequent pro tanto subrogation of the employer and insurer is no defense to the action. 58 Am.Jur., Workmen's Compensation, § 360. Nor will it operate to reduce the damages recoverable from one responsible for the loss. 15 Am.Jur., Damages, § 198. The conclusion seems inescapable that neither Terminal's liability for, nor the amount to be awarded on account of, Pritt's alleged wrongful death, were in anywise affected by the fact sought to be shown, and hence the court was warranted in excluding it.
We have carefully examined the assignment complaining of the failure of the court to rebuke counsel for plaintiff for having made the following statement in his closing argument: "I say to you before God that the testimony that these men gave you under oath are the facts in this case as they have told them to me." This was a reference to the two witnesses upon whose testimony plaintiff relied to make a case. It may be conceded that this statement was improper, but when considered in the light of the argument of defendant's counsel, which it was intended to answer, and the fact that defendant did not regard the breach as sufficiently serious to ask that a mistrial be declared, we have concluded, with some reluctance, that another new trial should not be ordered on that ground alone. The burden of defendant's argument was that the plaintiff's witnesses were not only mistaken, but that "somebody talked them into getting up on this witness stand, and not telling the truth, to try to help Mrs. Pritt. * * * I don't think they [the witnesses] made up these stories, but somebody gave them some very bad advice. You know that as well as I do. * * * This story hadn't been concocted then [a few days after the accident]." Other language of similar import appears throughout defendant's argument. In the heat engendered by such charges, provocative remarks of the type above italicized (some of which, like that here challenged, seem to partake as much of the nature of testimony as argument) not infrequently cause retaliatory arguments which go out of legitimate bounds, as here. But the trial court was in better position to judge its effect *626 upon the jury, and having refused to set the verdict aside on that ground, that action should not be disturbed, unless amounting to an abuse of discretion. While not approving the offending remark, we are unable to say that the record discloses this to be such an instance.
The judgment is affirmed.
All concur.