**GATEWAY CHEMICAL COMPANY, Inc.,**
Appellant,

v.

**R. Dinwiddie GROVES et al.,**
Respondents.

No. 47585.

Supreme Court of Missouri,

Division No. 1.

July 11, 1960.

Motions for Rehearing or to Transfer to Court en Banc Denied Sept. 12, 1960.

Law Offices Lewis W. Sanders, by Paul H. Niewald, Stubbs, McKenzie, Williams & Merrick, Kansas City, by Jack G. Beamer, Kansas City, for appellant.

Shughart, Thomson, Stark & Kilroy, Harry P. Thomson, Jr., Norman M. Tempel, Kansas City, for respondent, R. Dinwiddie Groves.

Melvin J. Spencer, Kansas City (Watson, Ess, Marshall & Enggas, Kansas City, of counsel), for respondents, Martin's Mid-West Boiler and Welding Co., Inc. and Russell J. Sage.

HOLMAN, Commissioner.

Plaintiff instituted this suit in an effort to recover the sum of $65,000 for damages to personal property and loss of profits resulting from a fire upon premises it occupied as lessee. The trial court entered an order and judgment dismissing plaintiff's cause of action, without prejudice, because of the failure and refusal of plaintiff to make its petition definite and certain in accordance with a prior order of the court. Plaintiff has appealed from that judgment.

The petition alleges the following:

"1. That the plaintiff is a corporation organized and existing under the laws of

Missouri; that the defendants, R. Dinwiddie Groves, J. Garner Groves, J. L. Groves, Jr., and Russell J. Sage are residents of the State of Missouri and that the defendant, Martin's Mid-West Boiler and Welding Company, Inc., is a corporation organized and existing under the laws of the State of Missouri.

"2. That the defendants, R. Dinwiddie Groves, J. Garner Groves and J. L. Groves, Jr., were at all times hereinafter mentioned the owners of certain premises located at 1412–14 Walnut Street, Kansas City, Missouri, which premises were at all times hereinafter mentioned leased to the plaintiff, Gateway Chemical Company, Inc., under a written agreement which provides that the lessor shall maintain the heating plant on the premises and that the lessor reserves the right of control over the heating plant.

"3. That defendant owners sought the services of the defendant Martin's Mid-West Boiler and Welding Company, Inc. to do certain remodeling work on the heating plant located in the basement of said premises.

"4. That the defendant Russell J. Sage was at all times hereinafter mentioned the agent, servant and employee of the defendant Martin's Mid-West Boiler and Welding Company, Inc. and that at all times hereinafter mentioned, the said defendant Boiler Company and Russell J. Sage were acting as the agents, servants and employees of the defendant owners of the premises.

"5. That on or about the 17th day of September 1957, the defendant owners by and through their agents, servants and employees were in complete control and custody of the heating plant in the said premises, and of an acetylene torch being used by defendant Sage as agent, servant and employee of the defendant Boiler Company and the defendant owners at said place and time.

"6. That as a direct result of the negligence of the defendant owners and the defendant Boiler Company, by and through their agent, servant and employee, and of the negligence of the defendant Sage, in the handling and operation of said acetylene torch, a fire was started in and about the heating plant, or parts of it, at said time and place.

"7. That the plaintiff has no knowledge of the specific acts of negligence which caused the fire, which acts are peculiarly within the knowledge of the defendants and each of them."

It will be noted that plaintiff alleged general negligence and obviously sought to rely upon the res ipsa loquitur doctrine. The various defendants filed two separate motions to make the petition definite and certain. Therein it was alleged that the petition should state specifically the acts or omissions of the defendants which constituted negligence and the specific manner in which said alleged acts or omissions caused or started the fire. As heretofore indicated, the trial court sustained the motions and it is therefore apparent that said court was of the opinion that the petition did not allege a factual situation which would call for the application of the res ipsa loquitur doctrine. It is apparent from the briefs that all of the parties are in agreement that the sole question presented for our decision upon this appeal is whether the petition herein discloses a situation to which the res ipsa doctrine is applicable. If that question is answered in the affirmative plaintiff was entitled to proceed to trial under the allegations of general negligence and the court erred in ordering that it allege specific negligence.

 "It is firmly established in our jurisprudence that the res ipsa loquitur doctrine only applies when: (a) the occurrence resulting in injury was such as does not ordinarily happen if those in charge use due care; (b) the instrumentalities involved were under the management and control of the defendant; (c) and the defendant possesses superior knowledge or means of in-

formation as to the cause of the occurrence. Clark v. Linwood Hotel, 365 Mo. 982, 291 S.W.2d 102, 104–105, and McCloskey v. Koplar, 329 Mo. 527, 46 S.W.2d 557, 559, 92 A.L.R. 641." Layton v. Palmer, Mo.Sup., 309 S.W.2d 561, 564, 66 A.L.R.2d 1242. We have concluded that the allegations contained in plaintiff's petition disclose a situation which fully complies with the fundamental principles of the res ipsa doctrine heretofore quoted. It will be noted that the petition alleges that defendants "were in complete control and custody of the heating plant in the said premises, and of an acetylene torch being used by defendant Sage * * * [and] as a direct result of the negligence of the defendant owners and the defendant Boiler Company * * * [and] of the defendant Sage, in the handling and operation of said acetylene torch, a fire was started in and about the heating plant * * *." We think it is clear that (1) a fire is not ordinarily started by the operation of an acetylene torch if the operator in charge thereof uses due care (subdivision (a) above), (2) the acetylene torch which is alleged to have started the fire and the area where the fire started were unequivocally alleged to have been under the complete control and custody of defendants (subdivision (b) above), and (3) since the offending instrumentality and the area where the fire started were in the custody and under the control of defendants at the time the fire started they possess superior knowledge or means of information as to the cause of the occurrence (subdivision (c) above). Our conclusion is also supported by the case of Automobile Ins. Co. of Hartford v. J. C. Nichols Co., Mo.App., 309 S.W.2d 698. Therein the factual situation shown by the evidence was similar to that alleged in the instant petition. The court held that a submissible case was made under the res ipsa doctrine.

■■ Defendants contend that the trial court ruled correctly. They argue that the courts are reluctant to apply the res ipsa rule in fire cases because the cause of a fire is generally unknown and fires often occur even though due care has been exercised. They also rely on the rule that "The mere occurrence of a fire does not raise a presumption of negligence." Kansas City Stock Yards Co. v. A. Reich & Sons, Mo. Sup., 250 S.W.2d 692, 700. While the rule quoted is a widely accepted general rule it does not preclude the application of the res ipsa rule "where the circumstances under which the fire originated and spread are such as to show that defendant or his servants were negligent in connection therewith." 65 C.J.S. Negligence § 220(12), p. 1038. Also, in Shain, Res Ipsa Loquitur, p. 471, it is stated that "In conformity with the rules governing applicability of the doctrine of res ipsa loquitur, it is applied to fires where it is shown that defendant had control and where the attending circumstances are such as to make it probable that the defendant or his servants were negligent." A case frequently cited in connection with the question under consideration is Shafer v. Lacock, 168 Pa. 497, 32 A. 44, 29 L.R.A. 254. In that case it was held that a presumption of negligence arose where defendant's workmen, in repairing the roof of plaintiff's house, took a firepot on the roof and a fire resulted from sparks therefrom. As we have heretofore stated, the instant fire was alleged to have resulted from the negligent operation of the acetylene torch which was under the complete control of defendants. In that situation the general rule heretofore quoted would not bar the application of the res ipsa doctrine.

■ Defendants also contend that the ruling of the trial court should be affirmed because "a motion to make a petition more definite and certain is addressed to the sound discretion of the trial court, whose ruling thereon will not be disturbed provided a sound legal discretion was exercised." Kansas City Stock Yards Co. v. A. Reich & Sons, Mo.Sup., 250 S.W.2d 692, 699. There is no question but that in many situations the trial court may properly exercise a sound discretion in determining the ex-

tent to which a party should be required to allege the details of his claim or defense. However, we do not think that rule has any application in determining the question before us in this case. The question as to whether the facts alleged in the petition are sufficient to invoke the application of the res ipsa rule is a question of law. The applicable rule in that connection is stated in Cooper v. 804 Grand Bldg. Corp., Mo.Sup., 257 S.W.2d 649, 655, as follows: "There is no discretion in the law of a case, nor can there be an exercise of sound discretion as to the law of a case."

We recognize that the opinion in the Kansas City Stock Yards case is susceptible to a construction which is contrary to the view we have expressed in the preceding paragraph. In that case, under allegations somewhat like those in the instant petition, the trial court, upon motion, required the plaintiff to allege specific negligence. The plaintiff complied and a trial resulted in a verdict for defendant. Upon appeal the court stated the rule we have heretofore quoted and then concluded that the "trial court did not abuse its discretion in sustaining the motion to make more definite and certain." While there were other reasons for the decision it is apparent that the court was of the opinion that the rule relating to discretion was applicable in that situation. However, to the extent that the Stock Yards case is construed as holding that the rule of discretion is applicable in determining the right to proceed under the res ipsa doctrine it has been subsequently overruled, by inference, in the case of Allen v. St. Louis-San Francisco Railroad Co., Mo.Sup., 297 S.W.2d 483. Both opinions were adopted by Division Two of this court.

The Allen case involved the exact procedural situation as does the case at bar. In reversing the action of the trial court in requiring a more definite statement the court stated: "Defendant contends that a motion for a more definite statement is addressed to the sound discretion of the trial court, and that its ruling thereon will not be disturbed provided a sound legal discretion was exercised. With this we agree. See Kansas City Stock Yards Co. v. A. Reich & Sons, Mo., 250 S.W.2d 692. However, in the exercise of that discretion the trial court is not authorized to compel a plaintiff, before the introduction of evidence, to plead specific negligence when he is entitled to proceed, at least as far as is shown by the petition, by alleging general negligence. * * * The trial court erroneously required plaintiff to make his petition definite in the respects set forth in defendant's motion, and therefore it erroneously dismissed the petition because plaintiff refused to comply. However, this does not mean that, in this case upon proper application, the trial court cannot, within a sound exercise of its discretion, require a more definite statement in the petition of an averment, when to do so does not require the abandonment at this stage of the case of the allegation of general negligence." 297 S.W.2d loc. cit. 488. The quoted portion of the Allen case supports the views we have heretofore expressed.

It is also contended that the res ipsa rule is not applicable in this case because the allegations of the petition indicate that defendants did not have exclusive control of the premises involved. That contention seems to be based upon the fact that the petition alleges that plaintiff had the entire premises leased and hence it is said that plaintiff would have some control and possession of the area where the fire started. That contention is without merit. The petition alleges that the lessor reserved the right of control over the heating plant and that defendants were in complete control and custody of the heating plant and acetylene torch and as a result of negligence in the operation of the torch a fire started in and about the heating plant. As we have heretofore indicated the petition sufficiently alleges that the defendants had custody and control of the torch and of the area where the fire started.

What we have heretofore said will indicate our view that the allegations of the petition were sufficient to invoke the application of the res ipsa loquitur doctrine. It follows that the court erred in sustaining the motions to make the petition definite and certain in the respects indicated and in dismissing plaintiff's action upon its failure to comply with the previous order.

Reversed and remanded.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.