William ADAIR, James Adair, Julia Young, Joe Adair, Martha Tyler, Kathryn Fairchild, and Shirley Treasure, Respondents,

v.

N. W. ELECTRIC POWER COOPERATIVE, INC., a Corporation, Appellant,

v.

Minnie ADAIR, Co-Respondent.

No. 23212.

Kansas City Court of Appeals.

Missouri.

Nov. 6, 1961.

Russell N. Pickett, Eugene E. Andereck, Phil Hauck, Pickett, Andereck & Hauck, Trenton, C. P. Junge, Cole Camp, for appellant.

William J. Cason, Clinton, for co-respondent.

HUNTER, Presiding Judge.

Plaintiffs, William Adair, James Adair, Julia Young, Joe Adair, Martha Tyler, Kathryn Fairchild and Shirley Treasure, on May 15, 1957, brought this action in the

Circuit Court of Henry County for $10,000 damages for trespass against defendant, N.W. Electric Power Cooperative, Inc., for constructing an electric transmission line across a 290-acre farm in Henry County, Missouri, without first having obtained from them an easement or right through eminent domain to do so. The defendant Power Cooperative interpleaded Minnie Adair, the mother of the seven plaintiffs, as third party defendant and prayed to recover from third party defendant an amount equal to any judgment plaintiffs might recover against defendant. Third party defendant, Minnie Adair, had been informed by defendant's agent that she, Minnie Adair, was the sole owner of the farm and she, in good faith believing it, at the request of defendant who also believed it, gave defendant an easement under the terms of which she covenanted in effect that she was the sole owner and would warrant and defend title thereto. Third party defendant pleaded mutual mistake in executing the easement, conceding her interest in fact to be only a Dower, and prayed that the easement be rescinded or reformed. Defendant replied that by reason of a prior judgment in the Circuit Court of Henry County the validity of the easement between third party defendant and defendant was Res Judicata and not subject to rescission or reformation.

Additional factual background as developed at the trial aids in understanding the question presented on this appeal.

Plaintiffs and their mother, Minnie Adair, own the farm in question, each plaintiff owning one-seventh interest subject to the mother's dower's interest. However, record title to the farm appeared to be in the mother, and all thought she owned all of it. Plaintiffs and third party defendant treated the farm as if solely owned by third party defendant at the time the easement was taken. Defendant paid her $554 for the transmission line easement and construction thereunder. The transmission line was built in the spring of 1953 and it was not until 1957, four years after the line was built, that any of the children claimed that they owned the farm, although they knew about the construction of the line.

After the line was constructed, and on November 18, 1955, Minnie Adair filed suit against defendant on the mentioned transmission line easement in an action titled: Minnie Adair, Plaintiff vs. N. W. Electric Power Cooperative, Inc., Defendant, No. 5615, to recover pole allowance as provided in the easement deed and damage done to her crops during construction of the power line. On June 7, 1956, she received a judgment for $300 and costs, which judgment has been satisfied.

The present suit was first tried in the Circuit Court of Benton County and plaintiffs had judgment in the sum of $3,497.83 as damages for trespass committed in the construction and maintenance of the electrical transmission line across the 290-acre farm. The judgment vested in defendant a permanent easement across the farm. Defendant appealed to this court contending, among other things, that the trial court had no power to reform Mrs. Adair's easement deed, relying as a bar upon the previous adjudication in the Henry County suit wherein she had recovered $300. This court held that judgment in the Henry County suit was not a bar to the present suit and relief requested; that the trial court "had the right to consider recission and reformation of the easement deed"; there being ample evidence to support the finding that such deed was the result of mutual mistake; but because of improper prejudicial closing argument reversed and remanded the cause for a new trial. See, Adair v. N. W. Electric Power Cooperative, Inc., Mo.App., 329 S.W.2d 33.

On retrial to the court and jury, the jury returned its verdict for plaintiffs and third party defendant against defendant for $5,000 as the damage to the entire tract caused by the electrical transmission line and the 100 foot wide right-of-way appropriated in connection therewith. The trial court then entered judgment reforming the easement taken from third party de-

fendant by limiting warranties of title therein conveyed to the actual interest owned by third party defendant and on the date of execution of the easement, and reducing the amount of judgment to $4,372 by crediting defendant for the third party defendant's computed interest in the damages assessed by the jury, and ordered costs against defendant.

On this appeal defendant has contented itself with the single contention that the trial court erred in reforming the easement given by Minnie Adair by limiting her warranty of title to her actual interest because "(a) Under the doctrine of Res Judicata it was not within the power of the trial court to make such reformation of the easement; and (b) the same matters asserted in the third party defendant's cross bill were previously adjudicated in the Circuit Court of Henry County, Missouri."

This is the precise contention defendant made in its appeal to this court following the first trial, and this court disposed of that contention in its opinion. See, Adair v. N. W. Electric Power Cooperative, Inc., Mo.App., 329 S.W.2d 33, 35(2). Defendant now contends this is not the law of the case, suggesting (a) it is dicta (b) since the case "was previously remanded upon another point of error defendant had no opportunity to labor this matter on Motion for Rehearing or Motion to Transfer to the Supreme Court" and (c) in any event this court should make a critical re-examination of the point.

The ruling of this court that the trial court, under the facts then appearing and which are the same facts now appearing, did have the right and power to consider rescission and reformation of the easement deed on retrial and that the prior judgment in mentioned Case No. 5615 is no bar to such relief in this case, is not dictum. Rather, it is the opinion of this court on an issue necessarily involved in the case and the disposition of which was necessary to the proper disposition of the appeal. On retrial it is a part of the law of the case, and on appeal absent manifest or palpable error, should remain the law of the case. See, Wilson v. Toliver, Mo.Sup., 305 S.W.2d 423; Pritt v. Terminal R. R. Ass'n of St. Louis, Mo.Sup., 251 S.W.2d 622; Seibert v. Harden, 319 Mo. 1105, 8 S.W.2d 905; 5B C.J.S. Appeal & Error §§ 1821 and 1822.

We have carefully reconsidered our former opinion and especially that portion concerning the Res Judicata question and are convinced that it is not palpably erroneous but rather is sound both in result and in the legal principles pronounced therein. It remains the law of the case.

The judgment is affirmed.

All concur.