Lena SANSONE, (Plaintiff) Appellant,

v.

NATIONAL FOOD STORES, INC.,
a Corporation, (Defendant)
Respondent.

No. 30922.

St. Louis Court of Appeals.

Missouri.

Dec. 19, 1961.

Jerome T. Bollato, William L. Mason, Jr., St. Louis, for appellant.

William I. Rutherford and Lashly, Lashly & Miller, St. Louis, for respondent.

HARRY A. HALL, Special Judge.

Plaintiff brought suit to recover $10,000.-00 against the defendant store owner for personal injuries sustained when a bottle located on a grocery display shelf exploded as she was in the store aisle. The trial court entered an order and judgment dis-

missing plaintiff's petition with prejudice upon plaintiff's failure and refusal to make her petition more definite and certain in accordance with a prior order of the court. Plaintiff has appealed from that judgment.

The pertinent allegations of plaintiff's petition are as follows:

"3. At all times herein mentioned, defendant owned, operated, managed and controlled a retail grocery store located at 7318 Olive Street Road, St. Louis County, Missouri, to which said store it invited members of the general public to come and trade with it at retail.

"4. On or about the 3rd day of November, 1959, plaintiff went to the said store in response to the said defendant's invitation, and entered the said store, as a customer, business visitor, and invitee of and to the defendant.

"5. On said date and while plaintiff was still within the said store as such customer, business visitor and invitee, and while she was near a shelf or counter in said store whereon defendant had goods, wares and merchandise displayed for sale, a glass bottle containing a purple liquid located on a lower portion of said shelf or counter, then and there exploded with great force and violence directly causing plaintiff, serious, painful and permanent injuries, as hereinafter specified.

"6. The said explosion was then and there directly caused by negligence of the defendant.

"7. The said bottle was then and there within the exclusive possession and control of defendant.

"8. At no time herein mentioned did plaintiff or any portion of her person touch or come into contact with the said bottle before it exploded.

"9. At no time herein mentioned did any object or instrument or other thing in the possession of or under the control of plaintiff come into contact with said bottle before the same exploded.

"10. In no way did the plaintiff disturb the said bottle nor cause it to move before it exploded.

"11. The defendant has superior knowledge or superior means of acquiring knowledge to that of the plaintiff and as to the cause or reason of the said explosion of said bottle.

"12. Directly due to the said explosion of the said bottle plaintiff was struck with portions of glass discharged by the said explosion, directly causing her [injuries] * * *."

The court ordered plaintiff to specify the manner of defendant's negligence which plaintiff had alleged generally in paragraph 6 of her petition. Plaintiff contends this was error, inasmuch as her petition properly pleaded a cause of action under the res ipsa loquitur doctrine.

Our courts have recognized a plaintiff's right to plead and submit an action upon a general charge of negligence not only in the res ipsa cases, but also in those cases where the res ipsa rule does not apply, but when the nature of the case is such that the facts are peculiarly within the knowledge of the defendant, and plaintiff could not be expected to know the precise negligent act which caused his injury. In Maybach v. Falstaff Brewing Corp., 359 Mo. 446, 222 S.W.2d 87, the court upheld the right to proceed upon the theory of general negligence where the plaintiff was injured by the explosion of a bottle as he was removing it from a store shelf in a retail store several days after it had been delivered by the defendant bottler and defendant had parted with control over it. The court said:

"In holding that the case does not come under the res ipsa rule we do not hold that respondent failed to make a submissible case.

" 'It is important, in considering the res ipsa loquitur doctrine and its appli-

cation and effect in given cases, to distinguish that doctrine from the principle that negligence may be established by circumstantial evidence.'

" 'Rejection of the doctrine of res ipsa loquitur does not mean that negligence may not be established by circumstantial evidence as well as by direct evidence.' [38 Am.Jur., pp. 992–3, sec. 297; Elgin v. Kroger [Grocery & Baking] Co., [357] Mo.Sup. [19], 206 S.W.2d 501; Capehardt v. Murta, 165 Mo.App. 55, 145 S.W. 827.]" (222 S.W.2d 1. c. 90, 91.)

 Primarily the res ipsa loquitur doctrine is not a rule of pleading but rather an inference aiding in the proof which upon a proper showing of particular circumstances constitutes evidence of negligence to be weighed and considered along with all other evidence in the cause. The rule as stated by our courts applies when (a) the occurrence resulting in injury was such as does not ordinarily happen if those in charge use due care; (b) the instrumentalities involved were under the management and control of the defendant; and (c) the defendant possesses superior knowledge or means of information as to the cause of the occurrence. See McCloskey v. Koplar, 329 Mo. 527, 46 S.W.2d 557, 92 A.L.R. 641; Gateway Chemical Co. v. Groves, Mo., 338 S.W.2d 83; Maybach v. Falstaff Brewing Corp., supra; Bone v. General Motors Corp., Mo., 322 S.W.2d 916.

 The plaintiff's petition does not mention res ipsa loquitur but in substance alleges that the bottle that exploded was within the exclusive possession and control of the defendant, which had superior knowledge or superior means of acquiring knowledge * * * as to the cause or reason of the explosion of the bottle.

In the Maybach case, the bottle exploded as plaintiff picked it up from the store shelf, and the court said, describing the incident (222 S.W.2d 1. c. 91): "The instant case furnishes an example of an occurrence which would not ordinarily happen without negligence in the filling of the bottles or in the handling of them after they were filled." Where, as here, a bottle on a shelf exploded, injuring plaintiff, we must agree that it is such an occurrence that does not ordinarily happen without negligence in some manner. Plaintiff's allegation that the bottle was in the exclusive possession and control of the defendant and that defendant had superior knowledge or means of acquiring knowledge as to the cause of the explosion, for the purposes of the motion must be accepted as true. The petition clearly contains all three of the necessary allegations of a res ipsa case.

It is not necessary that plaintiff negative in her petition all other reasonable theories of causation except that of defendant's negligence. In a recent pronouncement of this rule, the Supreme Court in Bone v. General Motors Corp., 322 S.W.2d 916, 921, in disposing of a similar contention in a res ipsa case said: "In recent years it has been established that a plaintiff in a res ipsa case need not negative every reasonable theory of causation except that of defendant's negligence." Citing Cruce v. Gulf, Mobile & Ohio R. Co., 358 Mo. 589, 216 S.W.2d 78, 81; Warner v. Terminal R. Ass'n of St. Louis, 363 Mo. 1082, 257 S.W.2d 75; Hanson v. Dalton Coal & Materials Co., Mo. App., 264 S.W.2d 897, 903; Layton v. Palmer, Mo., 309 S.W.2d 561, 66 A.L.R.2d 1242; Parlow v. Carson-Union-May-Stern Co., Mo., 310 S.W.2d 877; Shafer v. Southwestern Bell Telephone Co., Mo., 295 S.W. 2d 109.

Both parties agree on the basic requirements of the res ipsa doctrine and in general rely on the same authorities, most of which relate to the sufficiency of the evidence after a verdict to sustain a submission under the res ipsa doctrine. One such case involving a retail store owner is Hart v. Emery, Bird, Thayer Dry Goods Co., 233 Mo.App. 312, 118 S.W.2d 509, relied upon by respondent, where plaintiff was injured when awnings in disarray on a sales table

in defendant's bargain basement fell from the table, striking plaintiff. Plaintiff's own evidence disclosed that at the time of the accident it was a busy day and a number of customers were in the store; that it was the practice and custom of the customers to examine the merchandise and put it back on the table if they did not like it, and she herself had examined other merchandise and put it back. In holding that plaintiff's evidence did not make a case under this doctrine, the court held (118 S.W.2d l. c. 512):

"It is equally as reasonable to infer that a customer, without defendant's knowledge, caused the pile of awnings to be disarranged and be in a position to fall off of the table, without any one touching them, as the defendant. The evidence in this case shows, and it is a well known fact, that a great number of people frequent department stores in cities, especially, bargain departments thereof. It is also generally known that the managers of such stores, ordinarily, have no control over such people. Tuttle v. Kline's, Inc., 230 Mo.App. 230, 233, 89 S.W.2d 676. The evidence shows that the customers of defendant's store, including plaintiff herself, handled and inspected goods on the bargain counters at will. 'When a plaintiff produces evidence that is consistent with an hypothesis that the defendant is not negligent, and also with one that he is, his proof tends to show neither.' Quinn v. Utah Gas & Coke Co., 42 Utah 113, 129 P. 362, 364, 43 L.R.A., N.S., 328."

Russell v. St. Louis & S. F. Ry. Co., Mo. App., 245 S.W. 590, also cited by respondent, held that plaintiff's petition failed to state a cause of action under the res ipsa rule. The petition alleged that defendant had installed an electric light inside the fire box of an engine so that plaintiff and others could see to make repairs; that while he was working the light exploded, injuring him, and that the defendant was negligent in failing to furnish him a reasonably safe place to work. The court said (245 S.W. l. c. 591):

"* * * we do not think the petition in this case meets the requirements necessary to put into force the doctrine of res ipsa loquitur. There is no allegation that defendant manufactured and supplied its own light bulbs and the electricity to produce the light, or that an explosion would not occur without some negligence in the use of the bulb and electricity or in the faulty construction of the bulb."

In neither of these cases do we find the three essentials of the res case of (a) unusual occurrence, (b) superior knowledge, and (c) control and management of the instrumentality.

In the instant case, plaintiff's petition does not have the deficiencies of the Russell petition but affirmatively alleges each of the three basic requirements.

▇▇▇▇ The final contention of respondent is that under Supreme Court Rule 55.34, V.A.M.R., the trial court had the discretion to require a more definite statement and, upon a failure to comply, full authority to dismiss the petition. This rule is not new but appeared as Section 63 of the 1943 Code and Section 509.310 RSMo 1949, V.A.M.S. It is a very salutary rule of procedure but does not purport to change the substantive law. The right to plead and submit the issues under the res ipsa rule is a matter of law, and, as with all questions of law, there can be no discretion.

As stated by the Supreme Court in Gateway Chemical Co. v. Groves, supra, where the identical question was raised: "The question as to whether the facts alleged in the petition are sufficient to invoke the application of the res ipsa rule is a question of law. The applicable rule in that connection is stated in Cooper v. 804 Grand Bldg. Corp., Mo.Sup., 257 S.W.2d 649, 655, as follows: 'There is no discretion in the law of a case, nor can there be an exercise of sound discretion as to the law of a case.'" (338

S.W.2d l. c. 87). See also Allen v. St. Louis-San Francisco Ry. Co., Mo.Sup., 297 S.W.2d 483. Plaintiff had an absolute right to submit her cause under the res ipsa rule and the trial court had no discretion to rule otherwise.

We find that the allegations of the petition were sufficient to invoke the res ipsa rule and that the trial court erred in sustaining the motion to make the petition more definite and certain and in dismissing plaintiff's action, and this judgment is accordingly reversed and the cause remanded.

ANDERSON, P. J., and WOLFE, J., concur.

RUDDY, J., not participating.