Osie **FAIRLEY**, Plaintiff-Respondent,

v.

**ST. LOUIS PUBLIC SERVICE COMPANY,**
a Corporation, Defendant-Appellant.

No. 31735.

St. Louis Court of Appeals.

Missouri.

March 16, 1965.

Motion for Rehearing or for Transfer to Supreme Court Denied April 12, 1965.

Gerald D. Morris, St. Louis, for defendant-appellant.

Samuel A. Goldblatt, St. Louis, William L. Mason, Jr., Galena, for plaintiff-respondent.

BRADY, Commissioner.

As a result of the first trial of this case, the plaintiff recovered judgment against the defendant in the amount of $2,000.00 for damages for injuries allegedly sustained while she was a passenger on a bus operated by the company. On appeal this court held the submission to the jury on the theory of res ipsa doctrine was proper but remanded the case for retrial on the issue of damages only. See Fairley v. St. Louis Public Service Co., Mo.App., 352 S.W.2d 393. On application by the company the cause was transferred to the Supreme Court of this state which held the submission improper and remanded the cause. See Fairley v. St. Louis Public Service Co., Mo., 362 S.W.2d 549. Upon retrial judgment was entered in plaintiff's favor in the amount of $2,300.00 and the company has perfected this appeal.

The plaintiff pleaded that when plaintiff arose from her seat in order to alight from the bus, she was caused by the carelessness and negligence of the defendant to violently and suddenly come into contact with the seat

of the bus and sustained painful and permanent injuries. This is the same pleading under which this case was originally tried. See Fairley v. St. Louis Public Service Co., Mo.App., 352 S.W.2d 393, l.c. 394.

■ Although this is the second trial of this cause, we need not set out the factual situation at any length. The defendant admits and indeed relies upon its statement that essentially the same factual situation is here presented as was before this court and the Supreme Court as a result of the first trial. This admission is binding on the defendant. Pritt v. Terminal R.R. Ass'n, of St. Louis, Mo., 251 S.W.2d 622. That being the case we will not burden this opinion by restating the general factual situation but will state those facts bearing upon the issues raised in this appeal and refer the reader to the two earlier opinions in this cause for a complete and detailed statement. Those facts necessary to this appeal show that plaintiff was a passenger on a bus operated by the defendant. Plaintiff pulled the cord which operated the buzzer signaling her intention of getting off the bus at the next stop. She was sitting next to a window. When plaintiff stood up, she struck her leg on "something." She then noticed her leg was cut. The man who had been sitting next to her gave her a handkerchief which another passenger, a Mrs. Thompson, tied around plaintiff's leg. Later she was taken to a hospital. Plaintiff did not examine the seat. However, Mrs Ruby Thompson, *plaintiff's witness who had aided plaintiff* with her injuries, testified that she did examine the seat and found an object protruding from the seat which she described as a jagged flat piece of metal. She testified she examined some of the other seats and found nothing similar.

Dr. E. C. Funsch had appeared as the company's witness in the first trial. He was deceased at the time of the second trial and his testimony from the first trial was read into evidence at this trial. In his testimony, while being cross-examined by plaintiff's counsel, the following occurred: "Q Now,

Doctor, assuming these facts to be true, Doctor, that there was a woman who boarded the Union Avenue bus, took a seat, and after sitting awhile on the bus started to alight from the bus, getting off the seat, as she was getting off the seat she felt a stinging or some kind of pain right there and the blood started coming out of the leg right there; with reasonable medical certainty, Doctor, is it your opinion that this scar you have found on Mrs. Fairley could have come from that sort of a laceration, or cut, or movement on the bus? Mr. Schmidt: Object to that, your Honor, that calls for speculation on the part of the doctor. The Court: overruled. Mr. Goldblatt (continuing): You may answer, Doctor. A Well, if that is where she cut it, then I would have to take her history. Q Now, Doctor, I am going to call your attention to Defendant's Exhibit A and ask you to look at these two metal clamps on the sides of it, Doctor, and ask you to move the seat this way, please, Doctor. (indicating) (The witness moves seat)." The transcript shows that defendant's counsel broke into the reading of Dr. Funsch's testimony to object to reading Funsch's testimony about the seat on the ground that this was not the same seat as that used as an exhibit in the first trial. The objection being overruled, the following occurred: "Q Would a person brushing against one of those, would that cause a laceration? A Sure. Mr. Schmidt: I would like to object to that as calling for speculation on the part of the Doctor. The Court: He is qualified as an expert. The objection is overruled. A I don't think it takes an expert to tell that. You could skin your shin on that. Q That's right, Doctor, it doesn't take an expert to tell that it could, you could get cut from that, isn't that right? A If it hits right there."

The plaintiff submitted her case under Instruction No. 1 which required the jury to find that the plaintiff was a fare-paying passenger on the defendant's bus; that she sat in the seat described in evidence; and that " * * * it was the duty of St. Louis

Public Service Company to exercise the highest degree of care to furnish plaintiff a seat which was reasonably safe and not likely to cause injury * * *." The instruction continued to hypothesize that if the jury found that the " * * * seat in which plaintiff sat was not reasonably safe and likely to cause injury in that a metal strip protruded from the bottom of the seat and that said metal strip rendered the equipment or seat of the bus dangerous or unsafe; and if you further find that plaintiff was injured by this metal strip and that such failure and negligence of St. Louis Public Service Company was the proximate cause of said injury * * *." Based upon these hypothesizations the verdict was to be for the plaintiff.

■ The first allegation of prejudicial error is that the trial court erred in failing to sustain the company's motion for a directed verdict on the grounds that, for any one of several assigned reasons, the plaintiff failed to make a submissible case on a theory of specific negligence. That matter is not for our ruling. It has been settled by the opinion of our Supreme Court in the first appeal. Therein the court specifically held that plaintiff made a case for the jury on the theory of specific negligence. See Fairley v. St. Louis Public Service Co., 362 S.W.2d 549, l.c. 552, [2]. That being so and since the factual situation presented in the second trial was essentially the same, we must hold the plaintiff made a submissible case of specific negligence. Pritt v. Terminal R.R. Ass'n of St. Louis, Mo., 251 S.W.2d 622, [1, 2].

■ The company then urges that the plaintiff " * * * failed to make a case upon the theory upon which she pleaded the case" and therefore the trial court prejudicially erred when it overruled " * * * defendant's motion for a directed verdict * * *." The company does not state which motion for a directed verdict it refers to, that filed at the close of plaintiff's case or that filed at the close of all the evidence. Neither does it give any citation to

a page of the transcript so that matter can be discovered. The plaintiff contends that since it only refers to plaintiff's evidence, the company must have reference to the motion for directed verdict filed at the close of plaintiff's case. Plaintiff then points out that the company waived any point it may have had as to the overruling of that motion by proceeding to offer evidence. The company was under a duty to state the evidence in the best light to the plaintiff that prevailed in the trial court. Moreover, it is reasonable to assume the company's counsel was familiar with the rule regarding waiver by proceeding to offer evidence after a motion for a directed verdict offered at the close of plaintiff's case has been overruled. Accordingly, we will construe this allegation of prejudicial error as going to the trial court's action in overruling the company's motion for a directed verdict offered at the close of all the evidence.

In support of this contention the company argues that since plaintiff " * * * pleaded her case on the theory of res ipsa loquitur (R. 4), according to the Supreme Court opinion in 362 S.W.2d 549 * * *" she made no case under her pleading because " * * * all of her evidence concerning a piece of metal on the seat was directed at making a specific negligence case and was contrary to her theory of res ipsa loquitur. * * *" The company further states that since plaintiff made no attempt to amend her petition to state a cause of action based upon specific negligence, she " * * * should not have been allowed to go to the jury on any theory."

■ As we understand it, the company's position is that if one pleads a case based upon the theory of res ipsa loquitur and the evidence fails in that regard but does make a case of specific negligence, that case should be dismissed upon a proper motion to do so unless the plaintiff amends her pleading to state a case based upon the theory of specific negligence supported by the evidence. The point has no merit. It has long been the rule that where a petition

is based upon the theory of res ipsa loquitur recovery may be had on proof of specific acts of negligence within the general allegation. Taylor v. Cleveland, C., C. & St. Louis R. Co., 333 Mo. 650, 63 S.W.2d 69; Carver v. Missouri-Kansas-Texas R. Co., 362 Mo. 897, 245 S.W.2d 96, 1. c. 101.

■ The third allegation of prejudicial error deals with the trial court's action in overruling its objection to the testimony by the witness Ruby Thompson covering a piece of metal "protruding" from the bottom of the bus seat. The company contends that the plaintiff pleaded res ipsa loquitur and since the testimony of Ruby Thompson as to this protruding metal goes to specific negligence, it cannot be admitted as it was outside of the scope of the pleadings. It is well settled that a plaintiff may introduce evidence of specific negligence where the pleading was based upon the theory of res ipsa loquitur. Hill v. Montgomery, 352 Mo. 147, 176 S.W.2d 284 and cases cited at [2], 1. c. 287. Of course, such evidence will not justify a submission upon the pleaded theory. Fairley v. St. Louis Public Service Co., Mo., 362 S.W.2d 549.

■ The company's fourth allegation of prejudicial error is twofold. It first refers to the trial court's action in overruling the company's motion to dismiss plaintiff's petition for failure to state a claim upon which relief can be granted and secondly, in denying the company's motion to dismiss the case. The latter contention is governed by the defendant's admission that the evidence in the instant case is essentially the same as that given at the earlier trial. The Supreme Court of this state squarely ruled this evidence sufficient to make a case of specific negligence, Fairley v. St. Louis Public Service Co., Mo., 362 S.W.2d 549, 552, [2], and a dismissal would have been in the face of that decision. The trial court did not err in this regard. Neither did it err in overruling the company's motion to dismiss the petition or in the alternative for a more definite statement. This court and the Supreme Court have held that plaintiff's

petition pleads upon the theory of res ipsa loquitur. In its argument in support of this allegation of prejudicial error the company admits this to be true and, in fact, relies upon it. That being so, the trial court could not properly sustain the motion for a more definite statement. Sansone v. National Food Stores, Inc., Mo.App., 352 S.W.2d 375, 1. c. [5, 6], 378–379, and see Gateway Chemical Co. v. Groves, Mo., 338 S.W.2d 83, cited therein.

■ The contention is then made that the trial court prejudicially erred in permitting plaintiff's attorney to read into evidence testimony given at the first trial by Dr. E. C. Funsch and previously set out herein. The company states that it " * * objected to that testimony at both the first trial and at the present trial." The record does not so show. As appears above in that portion of the testimony set out there was an objection at the first trial. However, the transcript shows that the company's counsel did not make any objection at the second trial either at the time plaintiff's counsel began to read the cross-examination of Dr. Funsch from the record of the proceeding at the first trial nor at the time when this specific question and answer was read. Moreover, the company contends that, as stated in its brief, this testimony " * * * stated in effect that a person could skin their shin on a clamp of a certain seat used by defendant as an exhibit at the first trial * * *." As is obvious from that portion of Dr. Funsch's testimony set out above, the doctor did not make any such answer but stated that if that is where the plaintiff cut her leg, he would " * * * have to take her history."

The company does not state that Exhibit A at the second trial was materially different than Exhibit A at the first trial. It makes no contention in its brief that the jagged protruding metal strip that was present on the first seat was not present on the second one. In view of the admission that the evidence was essentially the same, it would seem that the defendant could not

reasonably contend that these seats were materially different. In any event, the allegation of error is not based upon any contention or argument that the seats were materially different but entirely on the basis that this was not the same seat as that to which Dr. Funsch referred when he was testifying at the first trial. We find this allegation of error to be without merit.

■ The last allegation of prejudicial error has reference to the giving of Instruction No. 1. The defendant first attacks this instruction because it does not require a finding of scienter; that is, actual or constructive knowledge on the part of the defendant of the metal strip that caused this injury. It should first be noted that the Supreme Court, when suggesting the general forum of the instruction submitting this case, did not include scienter in its statement. It said (Fairley v. St. Louis Public Service Co., Mo., 362 S.W.2d 549, 1. c. 551): " * * * The court's instruction submitting the case should have been, in substance, one that informed the jury that the defendant was liable only if the jury found that the defendant was negligent in having the metal strip, as described in plaintiff's evidence, on the bus seat and that such a metal strip rendered the equipment of the bus unsafe and that such unsafe condition caused plaintiff's injury."

The defendant then attacks this instruction for the use of the language " * * * and that such failure and negligence of St. Louis Public Service Company * * *." The use of these words clearly related back to that portion of the instruction requiring the jury to find the seat furnished plaintiff was not reasonably safe and likely to cause injury because of this protruding metal strip. The test of the instruction is whether the average juror will correctly understand therefrom the applicable rules of law. Spritz v. St. Louis Public Service Co., Mo., 341 S.W.2d 790, 1. c. 793. This instruction could easily have been more clearly worded and the jury have been faced with a more plainly stated hypothesization of negligence on the part of the company. However, we are not to read one phrase of an instruction standing alone. It is our opinion that the instruction read as a whole is so worded that the average juror would understand that he was required to find negligence on the part of the company before he was authorized to render a verdict in favor of the plaintiff.

■ The defendant's last attacks upon this instruction can be ruled upon jointly. The argument is advanced that the instruction fails to hypothesize sufficient facts upon which the jury could reasonably find the seat was unsafe and fails to require a finding that the metal strip protruded in a manner which would have reached the plaintiff. These contentions have no merit. The instruction required the jury to find the protrusion of the strip rendered the seat "dangerous and unsafe" and required the finding that plaintiff was injured by this strip. The hypothesization the strip protruded is a fact upon which the jury could base a finding the seat was unsafe. The hypothesization that the plaintiff was injured by the strip is certainly sufficient to show that the jury found the strip to protrude in a manner that would reach the plaintiff.

The instruction would seem to be a complete compliance with the guide set out by the Supreme Court in Fairley v. St. Louis Public Service Co., Mo., 362 S.W.2d 549, 1. c. 551. If not, it certainly constitutes a substantial compliance with that guide. We find no error in the giving of Instruction No. 1.

The judgment should be affirmed. The Commissioner so recommends.

PER CURIAM:

The foregoing opinion of BRADY, C., is adopted as the opinion of this court. The judgment is affirmed.

RUDDY, P. J., ANDERSON, J., and FRANK D. CONNETT, Jr., Special Judge, concur.

WOLFE, J., not participating.