EVELYN MAYBACH, Plaintiff-Respondent, v. FALSTAFF BREWING CORPORATION, and THE KROGER COMPANY, a Corporation, Defendants, FALSTAFF BREWING CORPORATION, Appellant, No. 41169—222 S. W. (2d) 87.

Division One, July 11, 1949.

*Moser, Marsalek, Carpenter, Cleary & Carter, Byron G. Carpenter* and *Wm. H. Allen* for appellant.

448

*Orville Richardson* for respondent.

██ CLARK, P. J.—Plaintiff was injured by the explosion of two bottles of Falstaff beer which she was removing from a shelf in a Kroger store. She sued The Falstaff Brewing Company and The Kroger Company. Verdict and judgment went for both defendants. The trial court sustained plaintiff's motion for new trial as to the Falstaff Company and that company appeals.

██ The trial court gave as his reason for granting a new trial that error was committed in giving the following instruction:

"The Court instructs the jury that in reaching a decision on the issue of negligence, you may not base your verdict entirely ██ and exclusively upon mere surmise, guess work or speculation; and if upon the whole evidence in the case, fairly considered, you are not able to make a finding that defendant Falstaff Brewing Company was liable without resorting to surmise, guess work and speculation, outside of and beyond the scope of the evidence, and the reasonable inference deducible therefrom, then it is your duty and you must return a verdict for defendant Falstaff Brewing Corporation."

Respondent strives to justify the granting of a new trial by arguing first, that the instruction erroneously declared the law because in a res ipsa loquitur case the jury should be permitted to "guess, surmise or speculate;" second, that the instruction is a cautionary one which was within the discretion of the court to give or refuse.

We do not regard this as a res ipsa loquitur case and we cannot give our approval to the idea that the conclusions of a jury can properly be founded upon "guess, speculation or surmise" in any kind of a case. Of course, on conflicting evidence there is no absolute certainty that the finding of a jury is correct; but such finding should be based upon reason as to the truth and accuracy of direct testimony and the reasonable inferences to be drawn from circumstantial evidence, not upon mere guess work.

Cautionary instructions like the one under consideration are largely within the sound discretion of the trial court. We are sure that the court would have not erred had he refused the instruction; we are not so sure that he erred in giving it. Cases cited by respondent [Reynolds v. Maryland Casualty Co., 274 Mo. 83, 201 S. W. 1128; Zesch v. Abrasive Co., 353 Mo. 558, 183 S. W. (2d) 140; Schlemmer v. McGee, (Mo.) 185 S. W. (2d) 806,] are not in point because the instructions there considered differ materially from that in the instant case. The instruction in each of those cases seems to confine the jury to a consideration of the direct testimony, while that in the instant case permits them to consider the direct testimony and "the reasonable inferences deducible therefrom." In Gardner v. Turk, 343 Mo. 899, 907, 123 S. W. (2d) 158, we approved an instruction substantially like the one now considered. As an abstract statement of law we think the instruction is correct, and yet, in a case depending largely upon circumstantial evidence, it carries a possibility of confusion to

the jury that can usually be better detected by the trial court than by an appellate court.

The record discloses another reason which makes it necessary to grant a new trial in this case. We must hold that the trial court erred in refusing respondent's offer to prove that, on the day the bottles exploded in respondent's hands, other bottles from the same shipment, handled and kept in the same way, exploded. [Brendel v. Union Electric Co., (Mo.) 252 S. W. 635; Cunningham v. City of Springfield, 226 Mo. App. 23, 31 S. W. (2d) 123.] We think such evidence is material in this kind of a case and comes within the requirements for admissibility. [32 C. J. S., 438, 20 Am. Jur. 284.]

Appellant contends that this case should not be remanded for a new trial because under the pleadings and proof respondent failed to make a submissible case under the res ipsa loquitur doctrine. That phrase, literally translated, means, "the thing speaks for itself." As applied by the courts, the doctrine is a qualified exception to the general rule that the mere fact of injury will not create an inference of negligence.

"The conclusion to be drawn from the cases as to what constitutes the rule of res ipsa loquitur is that proof that the thing which caused injury to the plaintiff was under the control and management of the defendant, and that the occurrence was such as in the ordinary course of things would not happen if those who had its control and management used proper care, affords sufficient evidence, or, as sometimes stated by the courts, reasonable evidence, in absence of explanation by the defendant, that the injury arose from or was caused by the defendant's want of care." [38 Am. Jur., p. 989, sec. 295.]

"The doctrine does not apply where there is direct evidence as to the precise cause ▮ of the injury and all the facts and circumstances attending upon the occurrence appear." [38 Am. Jur., p. 992, sec. 296.] In a proper res ipsa case, proof of the occurrence and attendant circumstances, permits an inference of defendant's negligence which, though rebuttable, cannot be disregarded by the triers of fact, but must be weighed against the evidence adduced by the defendant.

It is generally held that the doctrine is inapplicable unless the control or right [and duty] of control of the instrumentality causing the injury is in defendant *at the time of the injury;* although some cases hold that it is sufficient to prove that the instrumentality was in the possession and control of the defendant *at the time the negligent act was committed,* together with further proof of the absence of any cause intervening between the negligent act and the injury. [45 C. J., p. 1214, sec. 781; 4 A. L. R. (2d) 466.] This court in many cases has held the doctrine inapplicable unless the instrumentality was in the control or right of control of the defendant at the time of the injury: Charlton v. Lovelace, 351 Mo. 364, 173 S. W. (2d) 13;

Gibbs v. Gen. Motors, 350 Mo. 431, 166 S. W. (2d) 575; and in one case we held to the contrary. The exception is the case of Stolle v. Anheuser-Busch, 307 Mo. 520, 271 S. W. 497, decided in 1924. There we held that a petition, similar to that in the instant case, stated a cause of action under the res ipsa doctrine. Among other things it alleged that plaintiff was injured by the explosion of a bottle of beer bottled and sealed by defendant; that it had been sold and delivered by defendant to a grocer, sold by the grocer to a customer, carried by the customer into an adjoining shop and placed upon a counter near where plaintiff was standing when the bottle exploded; that the bottle and contents were in the complete and exclusive control of defendant until delivered to the grocer for resale, and that the explosion of the bottle was not caused by negligent handling of any person after it left the possession of defendant. This case was cited and followed by the St. Louis Court of Appeals in the case of Counts v. Coca-Cola Bottling Co. (Mo. App.) 149 S. W. (2d) 418. Also in Stephens v. Coca-Cola Bottling Co., (Mo. App.) 215 S. W. (2d) 50, the court and the parties assumed that the case, under facts similar to those in the Stolle case, came within the res ipsa doctrine.

We think the result reached in sustaining the petition in the Stolle case is correct, because the petition states a cause of action for general negligence. But we think the opinion extends the res ipsa doctrine too far and farther than we have been willing to extend it in other cases. [Gibbs v. Gen. Motors, 350 Mo. 431, l. c. 442, 166 S. W. (2d) 575. See also 38 Am. Jur., p. 996, sec. 300; Brown v. St. Louis Co. Gas Co., (Mo. App.) 131 S. W. (2d) 354, 359.]

An essential element of the res ipsa doctrine is that proof of the occurrence and attendant circumstances shall point, prima facie, to negligence on the part of the defendant. Such proof cannot, without further proof, point to the negligence of a defendant who is entirely out of control of the instrumentality at the time it causes the injury. Such proof may tend to indicate negligence on the part of *some one*, but further proof is necessary to definitely fix the blame on the defendant by excluding causes for which he is not responsible.

"The doctrine of res ipsa loquitur is not applicable where the explosive causing the accident is not under the exclusive control of defendant." [25 C. J., p. 205, sec. 38.]

In the instant case the bottles which exploded had been out of defendant's control for seven or eight days. Mere proof of the explosion did not create an inference of negligence on the part of defendant and thus bring the case under the res ipsa rule.

In holding that the case does not come under the res ipsa rule we do not hold that respondent failed to make a submissible case.

"It is important, in considering the res ipsa loquitur doctrine and its application and effect in given cases, to distinguish that doctrine from the principle that negligence may be established by circumstantial evidence."

"Rejection of the doctrine of res ipsa loquitur does not mean that negligence may not be established by circumstantial evidence as well as by direct evidence." [38 Am. Jur., pp. 992-3, sec. 297; Elgin v. Kroger Co., 357 Mo. 19, 206 S. W. (2d) 501; Capehardt v. Murta, 165 Mo. App. 55, 145 S. W. 827.]

Respondent offered evidence tending to prove that the explosion of the bottles was not due to negligent handling or exposure to unusual temperature changes after the bottles left the possession and control of appellant. Respondent further offered to prove the explosion of other bottles from the same shipment which had been handled and kept in the same way as those which injured respondent. We think the court erred in rejecting this offer, for such evidence would be extremely important in this kind of a case. [Coca-Cola Bottling Works v. Shelton, 214 Ky. 118, 282 S. W. 778; Stone v. Van Noy Railroad News Co., 153 Ky. 240, 154 S. W. 1092.] The latter case while holding that the explosion of a single bottle of soda pop was not sufficient to show negligence in bottling, strongly intimated that the rule would be otherwise if numerous explosions were shown. [See also, Annotation in 4 A. L. R. (2d) 470.]

The instant case furnishes an example of an occurrence which would not ordinarily happen without negligence in the filling of the bottles or the handling of them after they were filled. Respondent offered evidence tending to show due care in the manner in which the bottles were kept and handled after they left the control of appellant. What happened before then was peculiarly within the knowledge of appellant. Appellant was under the duty to exercise due care in inspecting and charging the bottles. It offered evidence tending to prove that it did exercise such care. Whether, under all the evidence and proper instructions, the appellant is guilty of negligence and such negligence is the proximate cause of respondent's injury, are questions for the jury.

Appellant contends that the petition fails to state a cause of action or, as stated in the new Civil Code, fails to state a claim upon which relief can be granted. In support of this contention, appellant argues substantially as follows: the petition states no *facts* showing any negligence on the part of appellant; it is based upon and the case was submitted on the res ipsa rule; the petition states that the manufacture, bottling, handling and sale of the beer was under the control of both defendants and the explosion was due to the negligence of both; that, for the res ipsa rule to apply, it must be alleged and proved that the instrumentality was in the exclusive control of

a single defendant and, by pleading joint or divided control by both defendants, the petition definitely excludes the rule.

The petition does not mention the res ipsa rule. Among other allegations, it states: that the beer was manufactured, bottled, sold and delivered by appellant to the other defendant, The Kroger Company; that the bottles exploded and injured respondent while she, in the exercise of due care, was removing them from the shelf of the Kroger Company; that the explosion was the direct and proximate result of the negligence of the defendants in the manufacture, distribution and handling of the beer; that the beer is considered to be a beverage not inherently dangerous; that the bursting of the bottles would not have occurred if due care had been used by the defendants in its manufacture, distribution and handling; and "that all the facts and circumstances concerning the manufacture, bottling, sealing and handling of said bottles are peculiarly within the knowledge of the defendants."

The petition charges general negligence against both defendants. Respondent's evidence exonerated the Kroger Company by showing that it exercised due care in handling the bottles. Her evidence also, for the reasons heretofore stated, deprives her of the advantage of submitting her case under the res ipsa rule, but that does not affect the sufficiency of the petition as a general charge of negligence against respondent.

In Zichler v. St. Louis Pub. Serv. Co., 332 Mo. 902, l. c. 912, 59 S. W. (2d) 654, we said:

"The sufficiency of a petition to state a cause of action so as to be sufficient to support a judgment, at least after verdict, is to be determined independently of whether or not the cause of action is one to which the doctrine of res ipsa loquitur applies as a rule of evidence or of proof. Where this doctrine does not apply, as well as where it does, a petition which specifies the act complained of with sufficient certainty to advise the defendant of the charge he is to meet, and then avers that such act was negligently done by the defendant, is a good pleading and is not fatally defective as stating a mere conclusion instead of the facts constituting the negligence. A general charge of negligence, which is predicated on an act of the defendant causing the injury, is good as against the objection that no cause of action is stated, and it is not necessary to state the specific facts showing the negligence in order to state a cause of action."

The petition states a claim upon which relief may be granted. It is undoubtedly good as against the attack which appellant made after verdict, and we think it is sufficient even had the attack been more timely. A plaintiff should allege facts sufficient to inform the defendant of the breach of duty with which he is charged and, if the facts are within the plaintiff's knowledge, he should be required to state them with reasonable particularity. Negligence, however, is an

ultimate fact which may be pleaded as such, and not a conclusion. The law does not require the impossible.

"Where, from the nature of the case, the plaintiff in an action for damages for negligence could not be expected to know the exact cause of the precise negligent act which became the cause of an injury, and the facts were peculiarly within the knowledge of the defendant, the plaintiff is not required to allege the particular cause." [38 Am. Jur., p. 954, sec. 262. See also Rinard v. O. K. C. Ry., 164 Mo. 270, 64 S. W. 124; State v. Koerner, (Mo. App.) 181 S. W. (2d) 1004; Houts "Missouri Pleading and Practice," p. 202, sec. 107.]

Under the circumstances of this case, the facts concerning the manufacture of the beer and the inspection and charging of the bottles being peculiarly within the knowledge of appellant, we think the petition charges general negligence with as much particularity as should be expected. [38 Am. Jur., pp. 951-4, secs. 261-2.]

By remanding the case and permitting respondent to go to the jury on circumstantial evidence as to appellant's negligence, we do not permit her to change the theory upon which the case was submitted. "The doctrine [res ipsa loquitur] is not a rule of pleading, but rather an inference aiding in the proof." [38 Am. Jur., p. 994, sec. 298.] Upon a retrial, the theory will not be changed; the *nature* of the evidence will not be different; only the quantity or extent of the evidence will be affected because respondent cannot rely upon the mere proof of the occurrence to raise an inference of negligence on the part of appellant, but must offer evidence to negative the possibility that the injury may have been due to some cause intervening after appellant had parted with control. Of course, respondent will be entitled to any reasonable inference arising from the nature of the explosion as well as from other testimony. In other words, the case should be submitted, not as a true res ipsa loquitur case, but as one depending in part upon circumstantial evidence.

We have examined cases cited by appellant. They support the proposition that this is not a res ipsa case, but they do not oppose our conclusion that a submissible case has been made, depending partially, on circumstantial evidence.

In a res ipsa case the basis of liability depends upon a particular kind of circumstantial evidence, [Harke v. Haase, 335 Mo. 1004, 75 S. W. (2d) 1001, l. c. 1004] but appellant, in its citation and argument, has failed to recognize that negligence may be established by circumstantial evidence even in cases where the res ipsa doctrine is inapplicable. [38 Am. Jur., p. 992, sec. 297.]

For the reasons stated, the judgment of the circuit court in granting a new trial is hereby *affirmed*. All concur.