Edward PHILLIPS, Plaintiff-Appellant,

v.

James CARROLL, d/b/a Schilli Tire Service, Defendant-Respondent.

No. 31560.

St. Louis Court of Appeals.

Missouri.

May 19, 1964.

R. C. Reis, St. Louis, for plaintiff-appellant.

Rene J. Lusser, Rene E. Lusser, St. Louis, for defendant-respondent.

DOERNER, Commissioner.

Plaintiff appeals from an order and judgment dismissing his petition with prejudice. Since the action was one to recover for personal injuries, and the prayer was for $10,000, this court has appellate jurisdiction. Section 477.040 RSMo 1959, V.A.M.S., as Amended, Laws 1959, S.B. No. 7, Sec. 1; Harris v. Bates, 364 Mo. 1023, 270 S.W.2d 763.

Plaintiff alleged in his petition that defendant was the sole owner and operator of Schilli Tire Service in Ste. Genevieve; that on July 11, 1949 plaintiff delivered truck tires to defendant's place of business for the purpose of having defendant repair said tires, during which period of repair said tires were under the exclusive control, charge and management of defendant; that defendant later delivered said tires to plaintiff after the defendant had purported to have made the necessary repairs; that while plaintiff was handling one of said tires it exploded, causing part of the tire and the rim to violently strike and injure plaintiff; that the plaintiff has no knowledge of the cause or causes of the violent and unusual occurrence; that the unusual occurrence and plaintiff's injuries were caused by the failure on the part of defendant to exercise due care in carrying out their business of repairing and mounting said tire; and that the explosion of said tire was directly due to and caused by the negligence and carelessness of the defendant. The petition also contained averments as to plaintiff's resulting injuries and special damages, which are here immaterial.

Defendant first filed a motion for a more definite statement, asking that the plaintiff be required (among other matters not here pertinent) " * * * to state with particularity the particulars in which plaintiff claims the defendant, or his agents and servants, to have been negligent and careless." Subsequently, by leave, defendant also filed a motion to dismiss plaintiff's petition on the grounds that it failed to state a claim upon which the relief prayed for could be granted. A hearing was held on both motions, and on March 5, 1963, the court entered an order and judgment dismissing plaintiff's petition, with prejudice. Plaintiff's appeal followed in due course.

Plaintiff contends that there were sufficient facts alleged in his petition to bring his cause of action under the doctrine of res ipsa loquitur. But as the defendant points out, that doctrine only applies when: (a) the occurrence resulting in injury was such as does not ordinarily happen if those in charge use due care; (b) the instrumentalities involved were under the management and control of defendant; (c) and the defendant possesses superior knowledge

or means of information as to the cause of the occurrence. Gateway Chemical Co. v. Groves, Mo., 338 S.W.2d 83; Clark v. Linwood Hotel, Inc., 365 Mo. 982, 291 S.W.2d 102; McCloskey v. Koplar, 329 Mo. 527, 46 S.W.2d 557, 92 A.L.R. 641. In Missouri, "It is generally held that the doctrine is inapplicable unless the control or right (and duty) of control of the instrumentality causing the injury is in defendant *at the time of the injury*, * * *." Maybach v. Falstaff Brewing Corp., 359 Mo. 446, 222 S.W. 2d 87, 90. See also Littlefield v. Laughlin, Mo., 327 S.W.2d 863; Cruce v. Gulf, Mobile & Ohio R. Co., 361 Mo. 1138, 238 S.W.2d 674. In the instant case plaintiff expressly negated defendant's control or right to control the tire by alleging that defendant had returned it to him, and that he was handling it at the time it exploded. Hence the facts pleaded were insufficient to state a cause of action under the res ipsa loquitur doctrine. Maybach v. Falstaff Brewing Corp., supra.

It does not necessarily follow, however, that the petition therefor wholly failed to state a claim upon which relief can be granted. While the petition in this case falls somewhat short of being a model, in considering such a pleading on motion to dismiss we construe it liberally and favorably to the plaintiff, and give him the benefit of all inferences fairly and reasonably deducible from the facts stated. Hall v. Smith, Mo., 355 S.W.2d 52; Jacobs v. Jacobs, Mo., 272 S.W.2d 185. If the averments invoke substantive principles of law the petition should be held sufficient on such a motion, even though there may be a lack of definiteness or certainty in allegation or an informality in the statement of an essential fact. Hiltner v. Kansas City, Mo., 293 S.W.2d 422; Myers v. City of Palmyra, Mo., 355 S.W.2d 17.

Taking a tolerant view of the petition, it may be said that plaintiff in effect alleged that the defendant purported to have repaired and mounted the tire while it was in his exclusive possession and control, whereby (it may be inferred) the facts and circumstances concerning the repairing and mounting are peculiarly within defendant's knowledge; that subsequently while plaintiff was handling the tire it exploded; that the explosion was the direct and proximate result of the negligence and carelessness of the defendant in improperly repairing and mounting said tire; and that the explosion of the tire was an unusual occurrence which (it may be inferred) would not have happened if due care had been used by defendant in repairing and mounting it. As was said in Zichler v. St. Louis Public Service Co., 332 Mo. 902, 59 S.W.2d 654, 657:

"* * * Where this doctrine (of res ipsa loquitur) does not apply, as well as where it does, a petition which specifies the act complained of with sufficient certainty to advise the defendant of the charge he is to meet, and then avers that such act was negligently done by the defendant, is a good pleading, and is not fatally defective as stating a mere conclusion instead of the facts constituting the negligence. A general charge of negligence, which is predicated on an act of the defendant causing the injury, is good as against the objection that no cause of action is stated, and it is not necessary to state the specific facts showing the negligence in order to state a cause of action."

See also Maybach v. Falstaff Brewing Corp., supra, and Welch v. Thompson, 357 Mo. 703, 210 S.W.2d 79. We are of the opinion that the foregoing allegations are sufficient to state a cause of action for general negligence, and that the petition was therefore not vulnerable to a motion to dismiss for failure to state a claim upon which relief can be granted. Maybach v. Falstaff Brewing Corp., supra; Welch v. Thompson, supra; Zichler v. St. Louis Public Service Co., supra.

The judgment of dismissal should be reversed and the cause remanded. The Commissioner so recommends.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court. Accordingly, judgment is reversed and the cause remanded.

RUDDY, P. J., and WOLFE and ANDERSON, JJ., concur.