**PLATO REORGANIZED SCHOOL DISTRICT NO. R–5 OF TEXAS ET AL. COUNTIES, Missouri, Plaintiff-Appellant,**

v.

**INTERCOUNTY ELECTRIC COOPERATIVE ASSOCIATION, Defendant-Respondent.**

No. 53330.

Supreme Court of Missouri,
Division No. 1.

April 8, 1968.

Farrington & Curtis, E. C. Curtis, Thomas Strong, Springfield, Hiett & Becker, Wm. Duke Hiett, Houston, for plaintiff-appellant.

Allen, Woolsey & Fisher, Russell G. Clark, Springfield, for defendant-respondent.

HENLEY, Presiding Judge.

This is an action for $149,609.30 as damages for the destruction of plaintiff's school building by fire allegedly the result of defendant's negligence in the installation of certain parts of the building's electrical system. Defendant's motion to dismiss was sustained and the action dismissed. Plaintiff appeals. We reverse and remand.

Plaintiff's petition was in two counts, the first alleging general negligence; the second, breach of implied warranty. The second count was voluntarily dismissed by plaintiff; it is no longer in the case and we take no further notice of it, except incidentally in connection with a motion by defendant to make more definite and certain.

Omitting paragraphs relating to the corporate status of the parties, plaintiff's ownership of the building, its damage resulting from the fire, and the prayer, Count I of the petition is as follows: "That on or about February 22, 1966, plaintiff employed defendant to install a new circuit breaker panel board and heating panel in the electrical system of plaintiff's said school building and to install certain wiring from said panel or panel board to an outside pole; that on or about said date defendant did perform said work and while doing so was in full and complete control of the said circuit breaker panel board, electrical panel, and all component parts thereof and connections therein; that defendant installed said circuit breaker panel board and electrical panel and electric wire and the connections thereof in such a negligent manner as to cause a fire within the panel board and heating panel on March 5, 1966, which directly resulted in the destruction of plaintiff's school building.

"That from and after the 22nd day of February, 1966, and up until the time of the fire on March 5, 1966, the aforesaid panel board, electrical panel and wiring remained in the same condition as when installed by defendant and were not disturbed, altered or changed in any manner.

"The plaintiff has no knowledge of the specific acts of negligence on the part of defendant which caused the fire, but that such acts are peculiarly within the knowledge of the defendant."

Defendant's motion to make more definite and certain, filed at the same time as its motion to dismiss, was directed at both counts. The motion was in the alternative, that if the court overruled the motion to dismiss, it require plaintiff to make its allegations more definite; it was sustained as to the second count (later voluntarily dismissed), but was not expressly ruled on as to the first count. Instead, the court sustained defendant's motion to dismiss Count I, without prejudice, thereby eliminating any need for ruling on the motion to make this count more definite. The motion to dismiss was on the general ground that the petition failed to state a claim upon which relief can be granted; the order dismissing Count I was on the grounds it failed to plead facts sufficient to state a claim under the res ipsa loquitur doctrine, and that the doctrine was not applicable. Plaintiff declined to plead further and this appeal followed.

At this stage of the case we are concerned exclusively with the pleadings; whether plaintiff pleaded a claim upon which relief can be granted; not with evidence which would be presented in support of or in opposition to the action.

In support of the court's order, defendant contends that the petition fails to state a claim under the res ipsa doctrine for two reasons. The first reason is that the occurrence pleaded, the fire, is not one from which ordinarily there can be drawn an inference of negligence. In this respect, defendant recognizes that a fire may be an occurrence such as would invoke the doctrine, but asserts that this depends upon the surrounding facts and circumstances; that plaintiff was required to plead the surrounding facts and circumstances from which negligence could be inferred, such as, " * * * any defects in the wiring or panel board * * *." The second reason is that the allegations of plaintiff's petition show affirmatively that it has no cause of action under the res ipsa loquitur doctrine, in that the petition alleges facts showing that the instrumentality installed by defendant on February 22, was in the custody and control of plaintiff, not defendant, on March 5, 1966, the date of the

fire; that under the doctrine, custody and control of the instrumentality causing the fire must be in defendant *at the time of the casualty*.

As to the first reason or ground advanced by defendant to uphold and preserve the trial court's judgment, it relies on the general rule that "The mere occurrence of a fire does not raise a presumption of negligence." In support of its position defendant cites the cases listed.[1] These cases mention and support the general rule above quoted, but they are not applicable here, because, with the possible exception of the Stock Yards case, they do not involve pleadings. In each, including the Stock Yards case, the court held that plaintiff's evidence was insufficient to make a submissible res ipsa case.

In Kansas City Stock Yards Co. v. A. Reich & Sons, supra, the issue as to pleadings involved plaintiff's claim that the trial court had erred in requiring it to make its original and first amended petitions more definite and certain, thereby refusing to permit it to proceed under the res ipsa loquitur doctrine. The case was tried under a third amended petition voluntarily filed by plaintiff in which acts of negligence were specified in great detail. Holding that in these circumstances the trial court did not abuse its discretion by requiring plaintiff to make its petition more definite and certain, the court noted that it failed to see how plaintiff could have been injured in any event, because in making its proof every avenue of information was explored and presented to the jury. 250 S.W.2d 1.c. 699. This case is of no assistance to defendant on the question we have before us.

Another case cited by defendant on this point is Gateway Chemical Co. v. Groves, Mo., 338 S.W.2d 83. Plaintiff also cites this case in support of its position that the court erred in sustaining, on this ground,

defendant's motion to dismiss. The decision in that case is controlling in this. *Gateway* involved the res ipsa loquitur doctrine at the pleading stage. The petition in that case was essentially the same as this. Defendant there relied on the rule that the mere occurrence of a fire does not raise a presumption of negligence. The court held that the rule would not bar application of the res ipsa doctrine, stating, at 1.c. 86: "While the rule quoted is a widely accepted general rule it does not preclude the application of the res ipsa rule 'where the circumstances under which the fire originated and spread are such as to show that defendant or his servants were negligent in connection therewith.' 65 C.J.S. Negligence § 220(12), p. 1038. Also, in Shain, Res Ipsa Loquitur, p. 471, it is stated that 'In conformity with the rules governing applicability of the doctrine of *res ipsa loquitur*, it is applied to fires where it is shown that defendant had control and where the attending circumstances are such as to make it probable that the defendant or his servants were negligent.'" See Carter v. Skelly Oil Co., 363 Mo. 570, 252 S.W.2d 306, 308[3], and at 1.c. 309[4], where the court states: "Generally speaking, the doctrine of res ipsa loquitur has no application to the pleadings. * * * Rather it is an inference aiding in the proof." See also: Zichler v. St. Louis Public Service Co., 332 Mo. 902, 59 S.W.2d 654, 657[4], 658[10]; 71 C.J.S. Pleading § 69, p. 178; 65A C.J.S. Negligence § 187(12), p. 363; 29 C.J.S. Electricity § 62, p. 1138 and § 66 (2), p. 1149.

▮ We hold that under the allegations of this petition the rule (no presumption of negligence by mere occurrence of fire) relied upon by defendant does not preclude application of the res ipsa doctrine, or plaintiff's other theory of recovery hereinafter mentioned. Whether the rule is applicable will depend upon evidence showing surrounding facts and circumstances. But, as

---

1. Kansas City Stock Yards Co. v. A. Reich & Sons, Mo., 250 S.W.2d 692, 699–700 [16]; Kapros v. Pierce Oil Corporation, 324 Mo. 992, 25 S.W.2d 777, 781 [3], 78 A.L.R. 722; Hendricks v. Weaver, Mo., 183 S.W.2d 74, 75–76 [1–2].

stated, we are not concerned here with what the evidence may show.

With respect to defendant's second reason why the trial court's ruling should be upheld, plaintiff contends that it pleads and states a claim for relief by charging general negligence; that it does not matter whether his pleading be denominated: (1) an action to recover under the res ipsa loquitur doctrine, or, (2) an action to recover under the "circumstantial evidence case" theory;[2] that in any event, whatever plaintiff's action may be denominated, its petition pleads a cause of action of general negligence and is good against a motion to dismiss on the general ground that no claim for relief is stated.

On the question of whether plaintiff has stated a cause of action under the res ipsa doctrine, the following is the position of the parties. As stated, defendant contends that under the doctrine custody and control of the instrumentality causing the fire must be in defendant *at the time of the casualty*. Plaintiff contends, contra, that the doctrine's element of control refers to defendant's control, or right of control, *at the time the negligence is committed*. Maybach, supra, is the only decision of this court cited by the parties in which the question of the point-of-time of control was squarely presented and decided. We quote at length from the Maybach case, because it decides this question and others involved in our case and discusses plaintiff's other theory of recovery. The court said (222 S.W.2d l.c. 90): "It is generally held that the doctrine is inapplicable unless the control or right [and duty] of control of the instrumentality causing the injury is in defendant *at the time of the injury*, although some cases hold that it is sufficient to prove that the instrumentality was in the possession and control of the defendant *at the time the negligent act was committed*, together with further proof of the absence of any cause intervening between the negligent act and the injury. [45 C.J., p. 1214, sec. 781; Soter v. Griesedieck Western Brewing Co., 200 Okl. 302, 193 P.2d 575, 4 A.L.R.2d 458, 466.] This court in many cases has held the doctrine inapplicable unless the instrumentality was in the control or right of control of the defendant at the time of the injury: Charlton v. Lovelace, 351 Mo. 364, 173 S.W.2d 13; Gibbs v. General Motors Corp., 350 Mo. 431, 166 S.W.2d 575; and in one case we held to the contrary. The exception is the case of Stolle v. Anheuser-Busch, Inc., 307 Mo. 520, 271 S.W. 497, 39 A.L.R. 1001, decided in 1924. There we held that a petition, similar to that in the instant case, stated a cause of action under the res ipsa doctrine. Among other things it alleged that plaintiff was injured by the explosion of a bottle of beer bottled and sealed by defendant; that it had been sold and delivered by defendant to a grocer, sold by the grocer to a customer, carried by the customer into an adjoining shop and placed upon a counter near where plaintiff was standing when the bottle exploded; that the bottle and contents were in the complete and exclusive control of defendant until delivered to the grocer for resale, and that the explosion of the bottle was not caused by negligent handling of any person after it left the possession of defendant. This case was cited and followed by the St. Louis Court of Appeals in the case of Counts v. Coca-Cola Bottling Co., Mo.App., 149 S.W.2d 418. Also in Stephens v. Coca-Cola Bottling Co., Mo.App., 215 S.W.2d 50, the court and the parties assumed that the case, under facts similar to those in the Stolle case, came within the res ipsa doctrine.

"We think the result reached in sustaining the petition in the Stolle case is cor-

---

2. In support of what it denominates as the "circumstantial evidence case" theory, plaintiff cites and relies primarily on Citizens Bank of Festus v. Missouri Natural Gas Co., Mo., 314 S.W.2d 709, 72 A.L.R.2d 855. Plaintiff also cites as related or analogous cases: Maybach v. Falstaff Brewing Corp., 359 Mo. 446, 222 S.W.2d 87 and other "exploding bottle" cases; Phillips v. Carroll, Mo. App., 379 S.W.2d 143; Miller v. Sabinske, Mo.App., 322 S.W.2d 941.

rect, because the petition states a cause of action for general negligence. But we think the opinion extends the res ipsa doctrine too far and farther than we have been willing to extend it in other cases. Gibbs v. General Motors Corp., 350 Mo. 431, loc. cit. 442, 166 S.W.2d 575. See also 38 Am.Jur., p. 996, sec. 300; Brown v. St. Louis County Gas Co., Mo.App., 131 S.W. 2d 354, 359.

"An essential element of the res ipsa doctrine is that proof of the occurrence and attendant circumstances shall point, prima facie, to negligence on the part of the defendant. Such proof cannot, without further proof, point to the negligence of a defendant who is entirely out of control of the instrumentality at the time it causes the injury. Such proof may tend to indicate negligence on the part of *some one*, but further proof is necessary to definitely fix the blame on the defendant * * *.

" 'The doctrine of res ipsa loquitur is not applicable where the explosive causing the accident is not under the exclusive control of defendant.' 25 C.J., p. 205, sec. 38, 35 C. J.S. Explosives, § 11, page 255.

"In the instant case the bottles which exploded had been out of defendant's control for seven or eight days. Mere proof of the explosion did not create an inference of negligence on the part of defendant and thus bring the case under the res ipsa rule.

"In holding that the case does not come under the res ipsa rule we do not hold that respondent failed to make a submissible case.

" 'It is important, in considering the res ipsa loquitur doctrine and its application and effect in given cases, to distinguish that doctrine from the principle that negligence may be established by circumstantial evidence.' ·

" 'Rejection of the doctrine of res ipsa loquitur does not mean that negligence may not be established by circumstantial evidence as well as by direct evidence.' [38

Am.Jur., pp. 992–3, sec. 297; Elgin v. Kroger Grocery & Baking Co., 357 Mo. 19, 206 S.W.2d 501; Capehardt v. Murta, 165 Mo.App. 55, 145 S.W. 827.]." (Brackets and emphasis are in the opinion.)

In remanding the Maybach case for a new trial the court further said, at l.c. 92: "Upon a retrial * * * respondent cannot rely upon the mere proof of the occurrence to raise an inference of negligence on the part of appellant, but must offer evidence to negative the possibility that the injury may have been due to some cause intervening after appellant had parted with control. Of course, respondent will be entitled to any reasonable inference arising from the nature of the explosion as well as from other testimony. In other words the case should be submitted, not as a true res ipsa loquitur case, but as one depending in part upon circumstantial evidence."

Plaintiff's petition is substantially the same as that in Maybach, supra, l.c. 91, Citizens Bank of Festus v. Missouri Natural Gas Co., supra, and Phillips v. Carroll, supra, 379 S.W.2d l.c. 144. The petition alleges: (1) that plaintiff employed defendant to install the electric circuit breaker and heating panel; (2) that defendant negligently installed the unit; (3) that the unit was under the sole management and control of defendant at the time of installation; (4) that the negligent manner in which the unit was installed caused a fire to start within the unit eleven days after installation; (5) that during that time the unit remained in the same condition as when installed, not having been " * * * disturbed, altered or changed in any manner;" (6) that plaintiff has no knowledge of defendant's specific acts of negligence causing this unusual occurrence and that such are peculiarly within the knowledge of defendant.

■■ From the nature of the case, plaintiff could not be expected to know the precise negligent act which became the cause of the fire. The petition charges general negligence predicated on an act of

defendant alleged to be peculiarly within its knowledge. This charge of negligence is good against a motion to dismiss for failure to state a claim. It was not necessary that plaintiff state the specific facts' or acts showing negligence in order to state a claim upon which relief can be granted. Maybach v. Falstaff Brewing Corp., supra, 222 S.W.2d l.c. 92[10–12], Phillips v. Carroll, supra, 379 S.W.2d l.c. 145[5, 6]; Zichler v. St. Louis Public Service Co., 332 Mo. 902, 59 S.W.2d 654, 657, and cases there cited. The petition states a claim upon which relief can be granted.

The judgment is reversed and the cause remanded.

SEILER and STORCKMAN, JJ., and HAYES, Special Judge, concur.