**FIRST BAPTIST CHURCH OF JEFFERSON CITY, Missouri, Plaintiff/Appellant,**

v.

**BYBEE CHURCH ORGANS, United H.R.B. General Contractors, Inc., Richard A. Howerton, Inc. and Gale A. Hill & Associates, Inc., Defendants–Respondents.**

No. 56899.

Missouri Court of Appeals, Eastern District, Division Two.

April 24, 1990.

Rehearing Denied May 30, 1990.

Moser, Marsalek, Carpenter, Cleary, Jaeckel & Keaney, F. Douglas O'Leary & Thomas J. Magee, St. Louis, for plaintiff-appellant.

Evans & Dixon, Sam P. Rynearson & Martin J. Buckley, St. Louis, for defendant-respondent Bybee.

Shepherd, Sandberg & Phoenix, P.C., John S. Sandberg & Daniel L. Schmidt, St. Louis, for defendant-respondent Hill.

Brown, James & Rabbitt, P.C., Jeffrey L. Cramer & John P. Palombi, St. Louis, for defendant-respondent United H.R.B.

Roberts, Perryman, Bomkamp & Meives, P.C., John I. Schaberg & Thomas J. Kernell, St. Louis, for defendant-respondent Howerton.

KAROHL, Judge.

Plaintiff, First Baptist Church of Jefferson City, appeals dismissal of Count I for failure to state a cause of action for property damages resulting from a fire which destroyed its church building. The trial court sustained separate motions of defendants to dismiss Count I but overruled similar motions to dismiss Count II. The dismissal was designated as final and appealable together with a finding that no just reason exists to delay appeal.

■ The sole issue to be decided is whether, "after allowing the pleading its broadest intendment, treating all facts alleged as true and construing all allegations favorably to plaintiff[s], the averments invoke principles of substantive law entitling plaintiff[s] to relief." *Lowrey v. Horvath,* 689 S.W.2d 625, 626 (Mo. banc 1985). Whether plaintiff pleaded a claim upon which relief can be granted depends exclusively upon the pleadings and not upon any evidence in support of, or in opposition to, the action. *Plato Reorganized School District No. R–5 of Texas Et. Al. Counties v. Intercounty Electric Cooperative Association,* 425 S.W.2d 914, 915 (Mo.1968).

The petition alleges defendant Bybee Church Organs designed and supplied the organ system for plaintiff's church; defendant United H.R.B. General Contractors, Inc. acted as general contractor for construction of the church; defendant Richard A. Howerton, Inc. was the electrical subcontractor for construction of the church; and, defendant Gale A. Hill & Associates, Inc. was the architect.

The allegations in Count I relevant to the issue of whether plaintiff stated a claim upon which relief could be granted are as follows:

6. There was in the church an organ room with large speakers and amplifiers in close proximity to an electrical system including electric wires and outlet boxes.

7. That defendant Gale A. Hill & Associates, Inc. and defendants United H.R.B. General Contractors, Inc., Richard A. Howerton, Inc., and Bybee Church Organs designed, furnished, constructed and installed the speaker room and its

equipment including electrical circuits thereof and approved such design, construction and installation all in such a negligent manner as to cause a fire to originate in the speaker room which directly resulted in the destruction of the First Baptist Church.

8. That each defendant had control and the right to control the construction of the speaker room and the installation of the materials and instrumentalities in that speaker room.

9. That from completion of the church in approximately September, 1985 until the time of the fire on May 24, 1987, the aforesaid speaker room and the materials in the room remained in the same condition as when designed and installed by defendants and were not disturbed, altered or changed in any manner.

10. That defendants have superior knowledge or means of knowledge as to the acts of negligence on the part of defendants which caused the fire.

11. The fire in the aforesaid location was an unusual occurrence which would not have happened if due care had been used by defendants in the design, construction and installation of the speaker room and its equipment.

12. As a direct and proximate result of the above negligence and the resulting fire on May 24, 1987 there was damage to the church building and contents and the damages to date are $4,857,864.71.

The court overruled motions to dismiss Count II. That count alleges specific negligent acts of the general and subcontractor in paragraph 7; specific negligent acts of Bybee Church Organs in paragraph 8; and, specific negligent acts of the architect in paragraph 9.

Each defendant filed a motion to dismiss. All of the motions directed to Count I of plaintiff's second amended petition alleged plaintiff "attempts" or "apparently attempted" to plead a cause of action against all defendants on a theory of Res Ispa Loquitur. The doctrine of Res Ispa Loquitur permits a jury to infer negligence without proof of specific negligence. *Mahan v. Missouri Pac. R.R. Co.*, 760 S.W.2d 510, 513 (Mo.App.1988). However, the inference is available only if all three of the following are alleged and proven: (1) the incident resulting in injury is of a kind which ordinarily does not occur without someone's negligence; (2) the incident is caused by an instrumentality under the control of the defendant; and (3) the defendant has superior knowledge of the cause of the incident. *Id.* The motions to dismiss allege Count I fails to state a cause of action under the doctrine because some or all of the required conditions are not pleaded.

On appeal plaintiff does not rely on a claim that Count I alleged a cause of action under the doctrine of Res Ipsa Loquitur or that the trial court erred in dismissing Count I for failure to allege a cause of action relying on the doctrine. It argues that Count I alleges a cause of action against the defendants charging general negligence with respect to their acts of designing, constructing and equipping the organ room because such acts are peculiarly within their knowledge, and, the speaker room remained in the same condition as when created by defendants. Plaintiff argues the petition states a cause of action by alleging general negligence provable by circumstantial evidence. Plaintiff relies primarily on two Missouri Supreme Court decisions, *Maybach v. Falstaff Brewing Corporation*, 359 Mo. 446, 222 S.W.2d 87 (1949) and *Plato Reorganized School District R-5 v. Intercounty Electric Cooperative Association*, 425 S.W.2d 914 (Mo.1968).

In *Maybach*, plaintiff was injured by the explosion of two bottles of Falstaff beer which she was removing from a store shelf. The court affirmed an order granting a new trial. It observed instructional error regarding a cautionary instruction which supported award of a new trial for plaintiff. It also relied on a separate ground, the trial court erred in excluding evidence

of other bottles from the same shipment, handled and kept in the same way, which also exploded. The court rejected defendants' alternative argument that plaintiff failed to make a submissible case under the Res Ipsa Loquitur doctrine which should foreclose a new trial. The court held the case did not come under that doctrine because the facts did not support a finding of "exclusive control." However, it distinguished Res Ipsa Loquitur cases from those involving general negligence provable by circumstantial evidence. *Maybach*, 222 S.W.2d at 90-91. The court then found the petition stated a claim upon which relief may be granted. "In a Res Ipsa case the basis of liability depends upon a particular kind of circumstantial evidence, (citation omitted), but [defendant], in its citation and argument, has failed to recognize that negligence may be established by circumstantial evidence even in cases where the res ipsa doctrine is inapplicable." *Id.* at 92.

> Where, from the nature of the case, the plaintiff in an action for damages for negligence could not be expected to know the exact cause of the precise negligent act which became the cause of an injury, and the facts were peculiarly within the knowledge of the defendant, the plaintiff is not required to allege the particular cause.

*Id.*

*Plato Reorganized School District R-5 of Texas v. Intercounty Electrical Cooperative Association,* involved a suit for property damages caused by a building fire alleged to have resulted from defendant's general negligence in the installation of certain parts of the building's electrical system. The Missouri Supreme Court reversed a dismissal of the petition. Defendant moved to dismiss because the occurrence pleaded, the fire, is not one from which ordinarily there can be drawn an inference of negligence. For that reason defendant claimed the Res Ipsa Doctrine did not apply. Absence of control was a second reason given for not applying the doctrine. The court rejected defendant's

claim that the absence of an available presumption of negligence by mere occurrence of fire precluded application of the Res Ipsa Doctrine. *Plato,* 425 S.W.2d 916. The court found plaintiff's petition was substantially the same as in *Maybach.* It alleged: (1) plaintiff employed defendant to install the electrical circuit breaker and heating unit: (2) defendant negligently installed the panel; (3) the unit was under the sole management and control of defendant at the time of installation; (4) the negligent manner in which the unit was installed caused a fire to start within the unit eleven days after installation; (5) during that time the unit remained in the same condition as when installed, not having been disturbed, altered or changed in any manner; (6) plaintiff has no knowledge of defendant's specific acts of negligence causing this unusual occurrence and such but defendant does. *Id.* 918. The court then said, "the petition charges general negligence predicated on an act of defendant alleged to be peculiarly within its knowledge. This charge of negligence is good against a motion to dismiss for failure to state a claim. It is not necessary that plaintiff state the specific facts or acts showing negligence in order to state a claim upon which relief can be granted." *Id.* at 919.

In separate briefs defendants Bybee Church Organs and United H.R.B. General Contractors, Inc., continue to claim the petition fails to state a cause of action relying on the doctrine of Res Ipsa Loquitur. We assume that claim is correct. Plaintiff *does not rely* upon that doctrine to support his claim that the court erred in dismissing count I which alleged a general negligence theory, provable by circumstantial evidence.

■ Defendants Richard A. Howerton, Inc. and Gale A. Hill & Associates, Inc. argue Count I of plaintiff's petition fails to state a cause of action under a theory of general negligence. However, defendant Hill & Associates based its argument upon absence of alleging a Res Ipsa Loquitur

doctrine cause of action. It distinguishes *Plato* by referring to the control requirement and arguing eleven days in *Plato* is different than a lapse of one and one half years between construction and fire in the present case. Given the standard of review and the requirement to take the pleadings as true we find the distinction not controlling.

■ Defendant Howerton, Inc. recognizes the difference between a pleading relying on Res Ipsa Loquitur and one relying on general negligence to be proved by circumstantial evidence. It then argues that in either case plaintiff will not be entitled to relief "because these facts still leave the question of negligence and causation up to speculation." We disagree. The ruling of the trial court and the issue in this appeal is not whether plaintiff can prove general negligence. The issue is whether, after allowing the pleading its broadest intendment, treating facts alleged as true and construing all allegations favorably to the plaintiff, plaintiff states a cause of action upon which relief can be granted. *Lowrey v. Horvath,* 689 S.W.2d at 626. Sufficiency of proof is another matter.

■ The peculiar problem for plaintiff in the present case is the presence of multiple defendants whose relationship with the construction of plaintiff's church varies according to each defendant's performance of different duties. This will present difficult problems at trial, in the absence of proof that the parties acted together or were responsible for the acts of one another. However, sufficiency of pleadings is not determined by problems of proof at trial. The present petition alleges: (1) all of the defendants "designed, furnished, constructed and installed the speaker room and its equipment ... all in such a negligent manner as to cause a fire;" (2) each defendant had control and the right to control construction of the room and the installation of the materials and instrumentalities in the room; (3) from completion to time of fire the room and the materials in the room remained in the same condition as when designed and installed, undisturbed, unaltered or unchanged in any manner; (4) defendants have superior knowledge or means of knowledge as to the acts of negligence on the part of defendants which caused the fire; the fire was an unusual occurrence which would not have happened if due care had been used by defendants; and, (5) as a direct and proximate result of defendants' negligence a fire resulted. The holdings of the Supreme Court in *Maybach* and *Plato* suggest the trial court erred in dismissing Count I of plaintiff's petition which stated a cause of action on the theory of general negligence provable by circumstantial evidence.

We reverse and remand.

PUDLOWSKI, P.J., and CRANDALL, J., concur.