Kenneth NANCE, Appellant,

v.

MORRIS MOTORS, INC., Respondent.

No. 18624.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 29, 1993.

---

Daniel T. Moore, Poplar Bluff, for appellant.

Elizabeth A. Blaich, Summers, Walsh, Pritchett and Blaich, P.C., Poplar Bluff, for respondent.

CROW, Judge.

Plaintiff, Kenneth Nance, sued Defendant, Morris Motors, Inc., for bodily injuries he allegedly received when a motor vehicle he was driving struck a bridge abutment. Plaintiff's theory of liability, as pled in his petition, was that some 60 days before the crash, his employer took the vehicle to Defendant for repair of the steering mechanism; Defendant performed the work negligently; as a result, the steering mechanism malfunctioned, causing the crash.

Defendant moved for summary judgment. The trial court granted the motion. Plaintiff appeals.

Plaintiff's petition pled four allegations of negligence. We need not consider the first three. At oral argument in this Court, Plain-

tiff conceded he abandoned them in the trial court because he had no evidence to support them. Plaintiff's fourth allegation of negligence—the one at issue here—attempts to invoke the doctrine of res ipsa loquitur.

Res ipsa loquitur is a rule of evidence whereby a submissible issue of negligence may be made by adducing a particular kind of circumstantial evidence, viz., by showing the fact of an occurrence which, because of its character and circumstances, permits a jury to draw a rebuttable inference, based on the common knowledge or experience of laymen, that the causes of the occurrence in question do not ordinarily exist in the absence of negligence on the part of the one in control. *Hasemeier v. Smith*, 361 S.W.2d 697, 700[4] (Mo. banc 1962). The doctrine applies when (a) the occurrence resulting in injury was such as does not ordinarily happen if those in charge use due care, (b) the instrumentalities involved were under the management and control of the defendant, and (c) the defendant possesses superior knowledge or means of information as to the cause of the occurrence. *Bass v. Nooney Co.*, 646 S.W.2d 765, 768[1] (Mo. banc 1983).

Endeavoring to plead facts meeting those requirements, Plaintiff's petition alleged:

Defendant had sole and exclusive possession *and control of the vehicle and the* steering mechanism for the purpose of repairing the same and after leaving the possession of the Defendant, the steering mechanism malfunctioned; that had it not been for the negligence of the Defendant, the steering mechanism would not have malfunctioned and/or Defendant should not have released possession of the vehicle had the steering mechanism malfunctioned and not been corrected, that *under normal cir*cumstances a vehicle will respond to a turning of a steering wheel, whereas in this case the turning of the steering wheel did not cause the vehicle to respond after Defendant had repaired the steering mechanism. Defendant is in a better position than the Plaintiff to identify their own negligent acts.

In support of its motion for summary judgment, Defendant relied on certain answers by Plaintiff to Defendant's interrogatories and certain excerpts from Plaintiff's deposition. From those sources, we learn the vehicle had between 70,000 and 80,000 miles on it when it was taken to Defendant for repair of the steering mechanism. After Defendant worked on the vehicle, approximately seven weeks elapsed before the crash. During that interval, Plaintiff drove the vehicle about 600 miles per week. He recalled no problem with the steering mechanism until the crash.

After the crash, the vehicle was taken to another dealer, not Defendant, for repair. Asked whether anyone there examined the steering mechanism, Plaintiff replied, "Not that I know of."

In response to Defendant's motion for summary judgment, Plaintiff filed his affidavit stating the vehicle was purchased new some three years before the crash, and he was its sole driver. Plaintiff avowed no one other than Defendant ever worked on the steering mechanism before the crash. Plaintiff explained the vehicle was taken to Defendant because Plaintiff was notified by a "flier" of a manufacturing defect in the steering mechanism which should be corrected by an authorized dealer. According to Plaintiff, he attempted to steer the vehicle as he approached the bridge abutment. The steering wheel turned, but the vehicle did not respond and the crash ensued.

Plaintiff maintains the facts set forth in the three preceding paragraphs constitute a submissible case under the res ipsa loquitur doctrine. That is: (a) after vehicles' steering mechanisms are repaired, such vehicles do not ordinarily crash because of steering failure unless the repairer did the work negligently, (b) the steering mechanism in the vehicle Plaintiff was driving was under the sole management and control of Defendant when the repairs were made, and no one else touched the steering mechanism before the crash, and (c) Defendant, being the repairer, has superior knowledge or means of information about the cause of the steering failure.

Earlier this year, the Supreme Court of Missouri handed down a comprehensive and instructive opinion on summary judgments, *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854

S.W.2d 371 (Mo. banc 1993). When considering appeals from summary judgments, an appellate court reviews the record in the light most favorable to the party against whom judgment was entered. *Id.* at 376[1]. Facts set forth by affidavit or otherwise in support of a party's motion for summary judgment are taken as true unless contradicted by the non-moving party's response to the motion. *Id.* at 376[2]. The appellate court accords the non-movant the benefit of all reasonable inferences from the record. *Id.* at 376[3]. Summary judgment is designed to permit the trial court to enter judgment without delay where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law. *Id.* at 376[7].

■ The rule on summary judgments, Rule 74.04, Missouri Rules of Civil Procedure (1993), divides movants into two classes: "claimants" and "defending parties." *ITT Commercial Finance*, 854 S.W.2d at 380. A defending party is one against whom recovery is sought. *Id.* Where, as in the instant case, the party moving for summary judgment is a defending party who will not bear the burden of persuasion at trial, such party need not controvert each element of the non-movant's claim in order to establish a right to summary judgment. *Id.* at 381. Rather, a defending party may establish a right to judgment by showing facts that negate any one of the claimant's elements' facts, or by showing that the non-movant, after an adequate period of discovery, has been unable to produce, and will be unable to produce, evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements. *Id.*

■ Viewing the record in the light most favorable to Plaintiff and allowing him the benefit of all reasonable inferences, we nonetheless hold the record demonstrates Plaintiff has been unable to produce, and will be unable to produce, evidence sufficient to allow the trier of fact to find the existence of the third element of res ipsa loquitur, i.e., that Defendant possesses superior knowledge or means of information as to the cause of the steering failure.

After Defendant repaired the steering mechanism, it performed properly for approximately seven weeks, during which Plaintiff drove the vehicle over 4,000 miles. The only reasonable inference is that the flaw in the steering mechanism developed after the vehicle left Defendant's possession. To hold otherwise would require the trier of fact to infer Defendant released the vehicle to Plaintiff while the steering mechanism was still defective. Nothing in the record supports such an inference.

Furthermore, Defendant had no access to the vehicle after the crash, so Defendant had no means of acquiring information about the cause of the steering failure after it occurred. Given these undisputed facts, we cannot imagine—and the record does not demonstrate—how Defendant could possess superior knowledge or means of information as to the cause of the steering failure.

A holding that res ipsa loquitur does not apply here is consistent with *Gibbs v. General Motors Corp.*, 350 Mo. 431, 166 S.W.2d 575 (1942), a case not cited by either party. In *Gibbs*, a motorist bought a new automobile March 12, 1939. On May 11, 1939, while she was driving it on a two-lane road, it crossed into the other lane and struck an oncoming vehicle. The motorist sued the manufacturer and the car dealer for bodily injuries, alleging the collision occurred when she placed her foot on the brake pedal, whereupon the automobile veered violently to the left into the path of the other vehicle. Her petition alleged she had driven the automobile only 1,530 miles since buying it, and she had had it serviced and inspected by the car dealer at intervals the dealer recommended. The petition further pled no one else had worked on the automobile, hence the manufacturer and dealer had knowledge of the defects, or by exercise of due care would have known of such defects in time to have remedied them and prevent the collision.

The trial court in *Gibbs* dismissed the petition. On appeal, the motorist argued she could invoke res ipsa loquitur to recover against both the manufacturer and the dealer. Regarding the dealer, the Supreme Court of Missouri said:

In the present case, according to the petition, plaintiff's automobile had been in use about two months and had been driven 1530 miles with no such occurrence except the one pleaded. In all the reported cases called to our attention and those we find by our own research, where the res ipsa rule has been applied, the instrumentality or thing complained of was generally in the possession and control of the defendant, except where bottles exploded. And the res ipsa doctrine is based in part upon the theory that the one in charge of an instrumentality which causes injury either knew the cause or has the best opportunity of ascertaining.

. . . .

To hold that the res ipsa rule is applicable under the facts alleged by plaintiff in the present case would be to extend the doctrine to situations to which it has not heretofore been considered applicable, and we do not think that it should be so extended, and so rule.

166 S.W.2d at 581.

The argument for applying res ipsa loquitur against Defendant in the instant case is clearly weaker than the argument for applying the doctrine against the dealer in *Gibbs.* Here, the vehicle was at least three years old, had been driven between 70,000 and 80,000 miles before Defendant worked on it, and was driven over 4,000 miles during the seven-week interval between Defendant's work and the crash. In contrast, the automobile in *Gibbs* was only two months old, had only 1,530 miles on it, and obviously had been driven fewer miles than that during the interval between the last service and inspection by the dealer and the crash.

Another Missouri case where an appellate court refused to apply res ipsa loquitur to a claim arising from repair of a vehicle is *Grus v. Patton,* 790 S.W.2d 936 (Mo.App.E.D. 1990). There, a purchaser bought a farm tractor. It developed numerous problems. The dealer attempted to correct them, but was unsuccessful. Some eight years after the sale, the purchaser sued the dealer. One of his theories of liability was res ipsa loqui-

tur. The purchaser claimed the doctrine applied because the tractor was under the control of the dealer when it made the repairs and the dealer therefore possessed superior knowledge or means of information as to why the repairs were unsuccessful. The Eastern District of this Court disagreed, saying:

> The mere fact that [the dealer] had control of the tractor at the time of making the repairs and may have had some superior knowledge of what repairs were made does not make the doctrine applicable. Alleged repairs of a vehicle which is allegedly defective made by the seller while under the seller's "control" do not give rise to the doctrine of *res ipsa loquitur.*

*Id.* at 941.

The opinion in *Grus* discussed *Maybach v. Falstaff Brewing Corp.,* 359 Mo. 446, 222 S.W.2d 87 (1949), and *First Baptist Church v. Bybee Church Organs,* 789 S.W.2d 829 (Mo.App.E.D.1990), which hold that even if res ipsa loquitur is inapplicable because of the absence of one or more of its elements, a petition may state a claim in general or "circumstantial" evidence. *Grus,* 790 S.W.2d at 941. We need not undertake such an analysis here, as Plaintiff's sole point relied on asserts he has pled, and has evidence to support, all three elements of a res ipsa loquitur case. Plaintiff does not contend he can make a submissible case other than by res ipsa loquitur.

Although there is surprisingly scarce Missouri authority on whether res ipsa loquitur applies in circumstances such as those here, the authority that does exist (*Gibbs* and *Grus* ) persuades us the doctrine is inapplicable.[1]

Judgment affirmed.

FLANIGAN, P.J., and GARRISON, J., concur.

---

1. The Supreme Court of Florida reached the

same result in *Goodyear Tire & Rubber Co. v.*

*Hughes Supply Co.*, 358 So.2d 1339 (Fla.1978), an opinion adjudicating two unrelated cases. In each, the driver of an automobile was injured when a tire blew out. In one case, the tire had been in control of the plaintiff one month and driven 9,500 miles. In the other, the tire had been in control of the plaintiff six months and driven 4,000 miles. The Supreme Court of Florida held the drivers could not invoke res ipsa loquitur in suits against the tire manufacturers.